[No. 20821.   Department One.   February 15, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. LEONARD E. CASS, *Appellant*.[1]

[1] BURGLARY (2, 10) — POSSESSION OF BURGLAR'S TOOLS — EVIDENCE —ADMISSIBILITY. Burglar's tools, taken from the accused or from the automobile in which he drove to the house, are admissible in evidence upon the question of his motive in an evident attempt to enter an apartment.

[2] CRIMINAL LAW (12)—ELEMENTS OF CRIME—ATTEMPTS—OVERT ACT. One caught and arrested while attempting to gain an entrance to an apartment, by taking hold of and turning the door knob and pushing the door, commits an overt act, which, with proof of intent, will support a conviction of attempt to commit a burglary.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered December 21, 1926, upon a trial and conviction of an attempt to commit burglary.   Affirmed.

*Lloyd & Croteau,* for appellant.

*Bertil E. Johnson* and *Edward Hofstede,* for respondent.

FRENCH, J.—The defendant was tried and convicted of the crime of attempted burglary. The facts, as disclosed by the record, show that some time between 11:00 and 12:00 o'clock on the night of the 25th of August, 1926, the defendant went to an apartment house on South 9th street in the city of Tacoma; that he went to the door of the apartment of the complaining witness, took hold of the door knob, turned the knob, rattled it a little, and attempted to open the door by pushing. The occupant of the apartment hearing him, sprang from his bed, seized a revolver, went out

[1]Reported in 264 Pac. 7.

into the hall and brought the defendant into his apartment, and there held him until the police officers could be notified. The testimony shows that the defendant threw some articles out of a window, which were afterwards recovered by the police and introduced in evidence. There was also introduced in evidence a pass key which the testimony seems to indicate was in the possession of the defendant at the time he entered the building, and there was also taken from his automobile, in which he drove to the premises in question, certain tools which the police officers testified were commonly used by burglars.

[1] The assignments of error all deal generally with the introduction in evidence of the tools and implements taken from the defendant's car, and those which it is claimed he had with him on entering the premises.

Our statute, Rem. Comp. Stat., § 2264 [P. C. § 8699], is as follows:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime, . . ."

Two things are necessary: first, a criminal intent; and second, some form of overt act. We think that it is self-evident that the working tools, skeleton keys, flash light, and others of like character, whether in the immediate possession of the defendant or still remaining in the automobile in which he drove to the premises in question, tended more strongly than any other single thing to show intent, and were clearly admissible in evidence for that purpose. Indeed the court instructed the jury:

"I instruct you that it is the law of the State of Washington that the possession by any person of any engine, machine, tool, false key, pick-lock, bit, nippers or implement adapted, designed or commonly used for

the commission of burglary, larceny or other crime, except by a mechanic, artificer or tradesman at and in his established shop or place of business, open and to public view, shall be *prima facie* evidence that such possession was had with the intent to use or employ or allow the same to be used or employed in the commission of a crime.''

And, while it is true that complaint is made of this instruction, it is but a statement of a rule of evidence laid down in Rem. Comp. Stat., § 2582 [P. C. § 8775], and is clearly applicable to a situation such as we here have, where intent is a necessary element. We can conceive of nothing more clearly tending to prove the intent of the defendant to commit burglary than that of driving in his automobile to the premises in question and taking with him burglar's tools.

[2] The next question to be considered is whether or not there was any overt act coupled with this intent. The rule is stated in 9 C. J., page 1033, as follows:

''A person is liable to indictment for the misdemeanor of attempting to commit burglary, if, with intent to break and enter a house under such circumstances that the breaking and entering would amount to burglary, he does any act toward the accomplishment of his purpose, which goes beyond mere preparation, as the turning of a knob with intent to open the door and enter, . . . etc.''

This rule is abundantly supported by the authorities.

We find no error in the record.

Judgment affirmed.

MACKINTOSH, C. J., TOLMAN, MITCHELL, and PARKER, JJ., concur.