### OSBORN v. STATE OF INDIANA.

[No. 24,711. Filed January 28, 1927.]

1. CRIMINAL LAW.—*Province of Supreme Court to determine whether evidence established all essential facts constituting crime charged.*— The Supreme Court does not weigh evidence, its province being to examine and consider the evidence for the purpose of determining whether there was legal evidence to establish all of the essential facts constituting the crime with which the defendant was charged. p. 46.

2. CRIMINAL LAW.—*Burden on appellant in Supreme Court to overcome presumption of regularity of proceedings and correctness of verdict or finding.*—In the trial court, the burden is on the state to remove, beyond a reasonable doubt, the presumption of innocence which the law throws around the accused throughout the trial, but, on appeal, the burden is on the appellant to overcome the presumption of a fair and impartial trial and that the verdict or finding was according to law.   p. 46.

3. CRIMINAL LAW.—*Rule that appellant has burden of overcoming presumption that verdict or finding was correct applies when evidence was all circumstantial.*—The rule that, on appeal, the burden is on ap-

pellant to show that verdict was not sustained by sufficient evidence or contrary to law applies when the evidence was all circumstantial as well as to cases where direct testimony was given. p. 46.

4. LARCENY.—*Evidence necessary to sustain conviction.*—In a prosecution for larceny of automobile tires, before the jury could rightfully convict, it must be able to determine from the evidence that the defendant did feloniously take, steal and carry away tires which were the goods of the party named in the affidavit. p. 46.

5. CRIMINAL LAW.—*To justify conviction on circumstantial evidence alone, it must exclude every reasonable hypothesis of innocence.*—A court or jury should not convict on circumstantial evidence alone unless the circumstances proper to be considered are such as exclude every reasonable hypothesis of innocence. p. 46.

6. CRIMINAL LAW.—It is not the function of the court on appeal to determine the truth or falsity of the evidence. p. 46.

7. CRIMINAL LAW.—On appeal from a conviction based on circumstantial evidence, the judgment will not be disturbed unless an essential link in the chain of circumstances is wanting. p. 46.

8. CRIMINAL LAW.—*Conviction on circumstantial evidence must stand where the circumstances reasonably warrant inference of guilt.*—Though a link in the chain of circumstantial evidence may be weak, a conviction thereon must stand if the circumstances supporting it are such that the jury or trial court could reasonably draw the inference of guilt. p. 46.

9. LARCENY.—Circumstantial evidence *held* sufficient to sustain conviction of larceny of automobile tires. p. 49.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Loyal Osborn was convicted of grand larceny, and he appeals. *Affirmed.*

*James M. Hudson,* for appellant.

*U. S. Lesh,* Attorney-General, for the State.

MYERS, J.—Appellant, in the Greene Circuit Court, was, by affidavit in two counts, charged with the crimes of robbery and grand larceny. He was convicted of grand larceny. §2451 Burns 1926. From a judgment on a verdict of guilty, he appealed, and in this court assigns as error the overruling of his motion for a new trial. He insists that the verdict was not sustained by

sufficient evidence and therefore contrary to law.

It is true, as claimed by appellant, that his conviction rests entirely upon circumstantial evidence, which, he asserts, was insufficient to exclude every reasonable hypothesis of innocence. This court does not weigh evidence. It is our province only to examine and consider the evidence with the view of determining whether or not there was legal evidence before the jury establishing all of the essential facts constituting the crime. The burden is on the state in the trial court, by legal evidence, to remove, beyond a reasonable doubt, the presumption of innocence which the law throws around the accused throughout the trial, but in this court, the burden is on the party appealing to overcome the presumption of a fair and impartial trial, and a verdict or finding according to law. This rule applies alike to verdicts resting upon circumstantial evidence alone as well as to verdicts upon direct evidence.

In the instant case, the subject of the larceny was automobile tires. Hence, before the jury could rightfully convict, it must be able to determine from the evidence conclusively showing that appellant did feloniously take, steal and carry away the tires which were the goods and chattels of James B. Dillon, as charged in the affidavit.

Appellant earnestly insists that there was no evidence of a conclusive character connecting him with the subject of the larceny, much less, evidence which would exclude every reasonable hypothesis of his innocence, and hence the verdict of guilty was contrary to law.

It is true, a jury should not convict upon circumstantial evidence alone unless the circumstances proper to be considered are in such harmony as to exclude every reasonable hypothesis of innocence.

But, it is not the function of this court to determine the truth or falsity of testimony. Hence, in pass-

ing on the sufficiency of circumstantial evidence, a verdict of guilty will not be disturbed unless an essential link in the chain of circumstances is wanting. A link in a chain may be weak, but if the circumstances supplying it are such that the jury or trial court can reasonably draw the inference of guilt, the conviction must stand. *Lee* v. *State* (1901), 156 Ind. 541, 60 N. E. 299; *Wrassman* v. *State* (1921), 191 Ind. 399, 132 N. E. 673; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; *Rosenberg* v. *State* (1922), 192 Ind. 485, 134 N. E. 856.

Answering appellant's contention, we will recite generally the prominent facts and circumstances disclosed by the parties to this appeal. On November 17, 1922, nineteen new automobile tires, of the value of $500, some wrapped in brown and some in gray colored paper, were taken from the garage of the prosecuting witness in Switz City. On the same day, a deputy sheriff of Greene county, accompanied by other officers, authorized by a search warrant, searched the premises where appellant lived with his father. After searching the various buildings and nearby premises, during which time, appellant accompanied the officers, the deputy sheriff became ill and took a seat in an automobile, while the other officers started on a more extended search. Appellant remained near the automobile in which the deputy sheriff was seated until the officers were approaching the place "at the edge of a woods" close to a wheat field where, between two logs, they found the tires covered with corrugated roofing, brush and leaves, some forty rods from the Osborn home. It was then appellant started away, saying, to the deputy sheriff that he would go and look after the fire under a kettle near the house. In about three to five minutes after that, the searching officers called to the deputy sheriff to get appellant, that they had found the tires. Immediately, the deputy tried to locate appel-

lant, and on going to the house was told that he and another had taken their shot guns and gone hunting. The officers were not able to find him that day and not until about the middle of June following were they able to discover his whereabouts. He was then located at Freeman, Illinois, where he was known as Lee Rollins. Without objection, he returned with the officers to Greene county. In the Osborn garage, the officers found a Buick touring car with all side curtains on except the one for the left front. The car was muddy and had the appearance of having been recently driven. Ruffled pieces or bits of paper were found in the car of the same color used in wrapping the tires. Between one and two o'clock in the morning of the seventeenth, appellant was seen driving this Buick car with all side curtains on except the left front, and to drive back of Dillon's garage, stopping twenty-five or thirty feet from it. Hard grease on the outside of a barrel five or six feet from the rear door of the garage through which the tires were taken had been rubbed and bore the imprint of twilled goods. Appellant, on the day of the search, wore overalls, on the leg of which was a grease spot about six inches long and in a position to correspond with the grease on the outside of the barrel. Eleven witnesses testified that appellant's general moral character was bad, and thirteen witnesses testified that it was good.

Appellant's defense was an alibi, supported by the testimony of his wife, his father, two other persons and himself, all testifying that appellant was not away from the home of his father on the night the automobile tires were taken. However, it appears that on the morning following the night the tires were taken, appellant's wife and his father, answering the question of one of the officers "Where was Loyal last night?" replied in each case, "I don't know where he was."

The evidence to which we have referred, and other details and circumstances of less importance but nevertheless supportive, together, in our opinion, form a complete chain of circumstances pointing to the guilt of the accused. This conclusion upon the evidence forbids our ordering a new trial.

Judgment affirmed.