## DERRY *v.* STATE OF INDIANA.

[No. 25,288.   Filed October 26, 1932.]

Clarence E. Benadum and Edward R. Templer, for appellant.

Arthur L. Gilliom, Attorney-General, and Harry L. Gause, Deputy Attorney-General, for the State.

MYERS, J.—John Seldonridge filed an affidavit in the city court of Muncie, Indiana, charging appellant with unlawfully driving an automobile on the public highway of that city, he being then and there "under the influence of intoxicating while so driving". He was convicted and appealed to the circuit court, wherein Arthur B. Jones filed what was designated as an amended affidavit, to which a motion to quash was sustained. Thereupon, a third affidavit and a new cause of action stated in the language of the statute was filed, charging that appellant "at and in the County of Delaware, State of Indiana, did then and there unlawfully drive and operate a motor vehicle upon a public highway while he . . . was then and there under the influence of intoxicating liquor, contrary, etc." A motion to quash this affidavit was overruled. Appellant was tried before a jury, which returned a verdict of guilty as charged, assessing a fine of $500 and imprisonment in the county jail for a period of six months. Appellant's motion for a new trial was overruled and the court rendered judgment on the verdict. Appellant prosecuted this appeal and has assigned errors on the action of the court in overruling his motion to quash and in overruling his motion for a new trial.

Appellant's brief is defective in that it does not include his motion to quash, but as we are advised from his points and authorities, he thereby sought to attack the constitutionality of §9, Acts 1925, p. 144, §2725 Burns 1926, in that the title of the act was limited to the subject of intoxicating liquor and did not embrace driving a motor vehicle while under the influence of intoxicating liquor. This section was repealed.

*Newbauer* v. *State* (1928), 200 Ind. 118, 161 N. E. 826. The record affirmatively shows that the third affidavit and the trial proceeded upon the theory of an alleged violation of §40, Chap. 213, Acts 1925, §10141 Burns 1926, which, so far as the same is at present material, reads as follows: "Any person who shall drive or operate a motor vehicle or motor bicycle on any highway of this state while under the influence of intoxicating liquor or narcotic drugs, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall, for a first offense, be punished by a fine of not to exceed five hundred dollars, to which may be added imprisonment for a term of not less than ten days and not more than six months." Neither this section of the statute, nor the act of which it is a part, is questioned for lack of a proper title or otherwise.

In support of the motion for a new trial, the claim is made that the clause "if, then, you are convinced by the evidence of whatever class it may be", included in instruction No. 8, permitted the jury to consider any class of evidence, good or bad, and for that reason the instruction was erroneous.

The gist of the offense charged was driving a motor vehicle while under the influence of intoxicating liquor. There was direct evidence by Muncie police officers that appellant, accompanied by another person, was driving or operating a Hudson automobile on the city streets of Muncie; that he was driving slowly, but not always straight; that prior to his arrest, on leaving his curb parking position, he hit another car, doing no damage. Later, his car and one driven by a taxi driver collided, with no damage to either car. Both the taxi driver and appellant stopped their cars immediately, and the police officers, who say they had been following appellant in an automobile, drove up and stopped. The taxi driver opened the door on appellant's side of the car and one

of the police officers opened the door on the other side. A bottle of liquor was on the car floor. At the request of the officers the party riding with appellant got out of the car and was sent to the police station. Appellant refused to get out of the car and was finally forced out by the officers and, under arrest, was taken to the police station. Three police officers testified that appellant was intoxicated, and after the arrest two of them searched the car and found three one-gallon glass jugs full of white whiskey, three pint bottles full of white whiskey, a bottle of coloring, a funnel, a five-gallon can, a flash light, a .22 Colt automatic revolver, and two empty pint bottles which had contained white whiskey. The two empty bottles were between the two front seats. The first six items the state caused to be identified as Exhibits 1 to 6. This was the major portion of the testimony of the police officers, and if their evidence was believed by the jury, and from the verdict we must assume that it was, then there was evidence to sustain the finding of guilty. The record discloses, however, that during the trial all of these articles so found in appellant's automobile, and, in addition, a box of cartridges, were brought into court, placed on a table and, over the objection and request of the defendant that they be removed, the court permitted them to remain throughout the trial on exhibition before the jury. The request was especially directed to the revolver and cartridges. The jugs and bottles said to contain white whiskey were the only articles marked as exhibits. None of the articles, including those marked for identification and on exhibition to the jury, were offered or introduced in evidence. The two empty pint bottles, if first shown to have recently contained whiskey, and for that matter the bottle on the floor of the car, if shown to contain whiskey, might properly have been introduced in evidence if the state had chosen so to do as a circumstance in connec-

tion with other corroborative evidence relative to the question of appellant's alleged intoxication. The fact that appellant was in possession, evidently for transportation, of other containers filled with whiskey, but their contents apparently not disturbed, would not serve as an inference to prove appellant's alleged physical condition. Furthermore, the bottle of coloring fluid, the funnel, the can, the flash light, the revolver and cartridges could not, upon any theory, be introduced in evidence for the reason that none of these articles tended to prove any issue in this case. During the trial the witnesses often referred to these articles on exhibition as having been found in appellant's car. The purpose of their exhibition before the jury is evident. No one, not even the state, will doubt their prejudicial influence on the jury, although they were not actually introduced in evidence. It is hardly reasonable to assume that the jurors would be able to dismiss from their minds the impressions formed from the day and a half observation of them. We know from common knowledge that such a display would tend to prejudice the jury, not only against the defendant himself but against any defense he might have to offer. The ordinary layman or juror would not be supposed to differentiate and then disregard objects brought to his attention, as here shown, and not material to an issue on trial, from those that are material, when both are apparently approved by the court. The articles so exhibited to the jury, although not introduced in evidence, beyond question strongly tended to prove the crime of transportation, which would exact a more severe penalty than the offense then on trial. By the instruction above noted, the jury might reasonably have understood that there was more than one class of evidence for its consideration. It may well have interpreted the instruction to have included the evidence relative to the issue on trial as

one class, and the objects on the table before it and not introduced in evidence as another class. An instruction clearly likely to be so construed must be declared erroneous.

From what we have said, it must necessarily be inferred that we disapprove the action of the court in refusing to exclude from the attention of the jury the articles relative alone as evidence tending to prove transportation. The verdict in this case imposed the full limit of punishment allowed by law. From the record at bar we cannot say the disapproved actions of the court were not reflected in the jury's verdict. Such being the case, the verdict must be set aside.

Judgment reversed, and the trial court instructed to sustain appellant's motion for a new trial.