ERFMAN v. STATE OF INDIANA.

[No. 26,304.   Filed February 25, 1935.]

*Wycoff & Wycoff,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Walter E. Stanton,* Assistant Attorney-General, for appellee.

HUGHES, J.—The appellant and one Raymond Myers were indicted in two counts in the Ripley Circuit Court. One count charged them with burglary in the first degree, and the other count charged them with grand larceny.

The appellant was tried separately and found guilty under the count charging him with grand larceny, and was sentenced to the Indiana State Reformatory for a period of not less than one nor more than ten years.

The errors relied upon are as follows:

(1) The court erred in overruling appellant's motion to quash the second count of the indictment.

(2) The court erred in overruling appellant's motion for a new trial.

The first assignment of error has been waived by the appellant in his brief and therefore the same will not be considered.

The motion for a new trial contained four reasons:

(1) The verdict is contrary to law.

(2) The verdict is not sustained by sufficient evidence.

(3) Error in giving instruction No. 3.

(4) Error in giving separate and several instructions, numbered 1 to 26 inclusive.

Under points and authorities only instructions numbered 3, 12, 14, 15, and 16½ are relied upon as being erroneous and therefore all others are waived.

That part of instruction No. 3 complained of is as follows:

"If you find from the evidence, beyond a reasonable doubt, that the defendant is guilty, it will be your duty to find whether or not he is guilty of burglary in the first degree, as charged in the first count of the indictment, or, whether or not he is guilty of grand larceny as charged in the second count of the indictment. And the court instructs you that under the law, if you find the evidence so warrants it, you may find the defendant guilty, as charged in both counts of the indictment, or, guilty as charged in one or either of said counts in said indictment. Or, if you find the evidence warrants it, you may find the defendant not guilty on both counts of said indictment, or, not guilty as charged in one or either of said counts in said indictment."

We do not see that this instruction is either misleading or prejudicial to the appellant. We think it fairly instructs the jury upon the propositions of law involved.

Part of instruction No. 12 states that:

". . . if there is conflicting testimony you should reconcile it if you can, but if you can not do so, you may believe one witness and disbelieve another."

Complaint is made because the court did not further tell the jury that it was their duty to reconcile the evi-

dence upon the theory of the defendant's innocence, if it could reasonably be done. The instruction taken as a whole was a correct statement of the law. No request was made by the appellant for an instruction containing the particular language now complained of and the appellant tendered no such instruction. Error can not be predicated on the giving of an instruction which states the law correctly as far as it goes, in the absence of a request for a more complete instruction and a denial of such request which results in harm to the defendant. *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54; *Bartlow* v. *State* (1915), 183 Ind. 398, 109 N. E. 201.

No error was committed in giving instruction No. 14. It relates to the duty of the jury being the judge of the law as well as of the facts and taken as a whole correctly states the law.

Two objections are raised to instruction No. 15. This instruction is upon the subject of reasonable doubt. The instruction contains the sentence "It (reasonable doubt) does not furnish a shield for those, actually guilty, whereby to escape merited punishment." The appellant contends that this is an erroneous statement. We do not think so. It is certainly a correct statement of the law when applied to the question of "reasonable doubt." In the same instruction the following language is used: "But in this case, if you are so convinced by the evidence of *whatever class it may be* . . ." (Our italics). The appellant contends that this language—"of whatever class it may be," is objectional and renders the instruction erroneous. He relies upon the case of *Deery* v. *State* (1932), 204 Ind. 21, 182 N. E. 701. The facts in the Deery case are very different from those in the instant case and the instruction in that case would not be controlling here. We think the ruling on the instruction in that

case was correct. In the Deery case there were several classes of evidence introduced; the charge was that of driving an automobile while intoxicated. Evidence was introduced, however, over the objection of the defendant, that he was transporting liquor, that he had in his automobile an automatic revolver, cartridges, and pints, and jugs of liquor. All these were admitted in evidence and placed on a table before the jury. The court held in the Deery case that by an instruction which used the language, as used in the instant case, that the jury might have understood that there was more than one class of evidence for its consideration, some of which evidence was admissible and some not and therefore such an instruction would be erroneous. We have no such state of facts in the instant case and we do not think the instruction as applied to the facts in the present case is erroneous. Practically the identical instruction was given in the case of *Hinshaw* v. *State* (1919), 188 Ind. 447, 124 N. E. 458, and was held to be good.

Complaint is also made of the following language used in instruction No. 16, which is as follows: "You may find any fact to be true which may rightfully and rationally be inferred from the evidence given in the case." Appellant contends that any material fact to be proved must be proven beyond a reasonable doubt. We agree to this, but when this instruction is considered and construed with other instructions given, the objection is groundless. The jury was fully instructed on the law of reasonable doubt.

Instruction No. 16½, complained of by appellant, is as follows:

"If any of the facts necessary to a conclusion of guilt is wholly inconsistent with the hypothesis of the guilt of the accused, it breaks the chain of circumstantial evidence upon which the inference of the guilt of the accused depends and however plausible or apparently conclusive all

other circumstances may be the proof is not sufficient to justify a conviction."

Although the foregoing instruction has been approved by this court in the case of *Dunn* v. *State* (1906), 166 Ind. 694, 78 N. E. 198, we do not think it is a clear statement of the law. However, we do not believe it was harmful to the appellant in the instant case.

It is further contended by the appellant that the judgment is not sustained by sufficient evidence and is contrary to law. We can not assent to this proposition.

It is charged in the affidavit that the appellant and one Raymond Myers on the 16th day of August, 1932, stole certain personal property and sixty dollars in money belonging to one Lincoln Osburn.

The evidence shows that Osburn lived alone in a log cabin about three and one-half miles northwest of Penntown in Ripley County. On the evening of August 14, between nine and ten o'clock, Myers came to the home of Osburn and asked him to take an automobile ride with him; Osburn went with Myers, and they were gone about an hour or more; Osburn had closed the door to his home when he left with Myers, but when he returned the door was partly open. He did not miss anything that night, but on Monday afternoon he found a pair of his socks near a walnut log near his house. He then made a search of his house and found that his gun, shoes, and pocket book were gone. The pocket book contained about sixty dollars. It was Osburn's theory that when Myers took him for a ride he had left Erfman, the appellant, at the house and that he took his property. He notified the sheriff of the county. Sheriff Pelsor and his son and Osburn went to look for Myers and Erfman. They later found them. Erfman first denied getting the

pocket book, but said he was guilty. Erfman had hid the gun and shoes in a field; the sheriff took Myers and Erfman to the place, and Erfman got out of the car and got the shoes and gun. On the way after the shoes and gun, Erfman, in the presence of Osburn and the sheriff and his son, said that he was guilty and was going before the judge and give himself up. In the first conversation about the money, Erfman said he never took the money, but Myers said he did. This conversation was in the presence of Osburn, the sheriff, and the sheriff's son. The sheriff asked Erfman if he wanted to stop at Erfman's father's home. He, Erfman, said, No, he didn't want his parents to know it. That he was guilty as hell and that he didn't want them to pay anything because he had been in trouble before.

The sheriff testified that after Myers and Erfman were placed in jail they called him and said—"If we pay this money back to old Lincoln could we get out?" The sheriff further testified that they said the amount was sixty dollars, and that Myers said he would give a check for the money and that Erfman said he would pay his half to him. Erfman, in his testimony, denied telling the conversation above given by the sheriff.

Erfman admitted and testified that he was with Myers on the evening of August 14th, that Myers came to his home in a Ford Roadster about six o'clock; that they first followed a bootlegger out of town to get something to drink and later went about eleven miles in the country to the bootlegger's home; that when they returned he, Erfman, went to his home; that Myers went on down the road toward Osburn's; that Myers came up to his home again about nine-thirty; that they drove around to different places and that Myers had the shot gun and shoes in his car; that he, Erfman, hid the gun and shoes; that Myers was intoxicated and said that

Osburn had given them to him. Erfman denied being at Osburn's on the night of August 14th, and denied knowing anything about the money.

There was some conflict in the evidence and part of it was circumstantial. This court will not weigh the evidence. It was held in the case of *Osborn* v. *State* (1926), 199 Ind. 44, 154 N. E. 865, that:

"It is our province only to examine and consider the evidence with the view of determining whether or not there was legal evidence before the jury establishing all of the essential facts constituting the crime. The burden is on the state in the trial court, by legal evidence, to remove, beyond a reasonable doubt, the presumption of innocence which the law throws around the accused throughout the trial, but in this court, the burden is on the party appealing to overcome the presumption of a fair and impartial trial, and a verdict or finding according to law. This rule applies alike to verdicts resting upon circumstantial evidence alone as well as to verdicts upon direct evidence."

We have carefully read all of the evidence in the instant case and believe that it is sufficient to sustain the verdict and judgment. The judgment is not contrary to law.

Judgment affirmed.