SMITH ET AL. *v.* STATE OF INDIANA.

[No. 26,851. Filed November 5, 1937.]

3. Acts 1935, ch. 5, §§14 and 44.

*George W. Miles,* for appellants.

*Omer S. Jackson,* Attorney-General, and *Thomas Longfellow* and *Warren W. Martin,* Deputy Attorneys-General, for the State.

HUGHES, J.—The appellants were indicted and convicted of petit larceny. The error assigned is the overruling of a motion for a new trial. The reasons assigned in the motion for a new trial are as follows:

(1) The verdict is not sustained by sufficient evidence; and

(2) is contrary to law; and

(3) the court erred in permitting Exhibit "B" to be introduced in evidence consisting of cigarettes and cigars, for the reason there was no evidence to show that the package was the property of William A. Young and

for the further reason it had no connection with the transaction, and that the court erred in permitting one Raymond E. Davis to testify in said cause as a finger-print expert.

The indictment charged in substance that the appellants did feloniously steal and carry away the personal goods and chattels of one William A. Young consisting of thirteen cartons of cigarettes, one box of cigars, a cigarette lighter, and thirteen ($13.00) dollars in money, all of the value of twenty-seven ($27.00) dollars.

William A. Young lived in the city of Madison, Indiana, and conducted a confectionery containing candies, cigars, cigarettes, soft drinks, lunches, and beer. The appellants lived on a farm eight or nine miles from Madison owned by a Mr. Rector, who was the stepfather of the appellant, Hervey Smith. The appellant, Louden, lived on the Rector farm and his house was about one-quarter of a mile from the Rector home. Sometime after midnight on July 12, 1936, the store room of William A. Young was broken into and the articles heretofore mentioned were stolen. Delbert Reed, an employee of the Dairy Products Co., whose platform is near the rear of Young's place, saw a Chevrolet sedan, with two persons in it, in the alley back of Young's store, between 3 and 3:30 o'clock A. M. on July 12, 1936. He testified that he took the license number of said car, which was an Indiana license, No. 289754. Other evidence showed that this number belonged to a Chevrolet sedan owned by Rosella Rector, mother of the appellant, Hervey Smith. It is in evidence that about 6:00 P. M. July 11th, the appellants were at a filling station near Madison, operated by a Mr. Bumen. They had with them a case of beer which they placed on ice in a yard near the filling station. They were there about one and one-half hours and then in company with Bumen, they drove into Madison and

had a lunch and then returned to the filling station and remained there until about 12:30 A. M. July 12th, when they left, but returned again about 5:00 A. M., when they got some soft drinks and left. The evidence also shows that they appeared at a filling station in Madison about 3:30 or 3:45 A. M. on July 12th and got some gasoline. The attendant said he saw a blanket on the back seat of the car. Smith gave the attendant four quarters, a half-dollar and some pennies. The attendant took out sixty cents and returned the balance to Smith. They then left and went up the hill toward North Madison.

One Charles Hack testified that between twelve and one o'clock on the morning of July 12th, he met the appellants at a beer tavern in Madison; that they were in a Chevrolet sedan and that they drove him home. He said it might have been about 1:30 A. M. Another witness said that they were at his filling station about 6:00 A. M. on July 12th and bought some gas. Neither one of the appellants took the witness stand.

A few days after the articles were stolen part of them were found under a clump of briars and bushes on the farm of Mr. Rector near a highway and near the home of the appellants. While it was impossible for Mr. Young to identify the articles found as the ones taken from his store, they were the same brand of cigarettes and cigars which had been taken from his store. There was also a strip of metal which was used to hold the lid of the cigar box open found with the cigars and cigarettes which was the same kind as had been taken from the store.

While the appellants were in jail, a Mr. Davis, who claimed to be a fingerprint expert, in the presence of Mr. Miles, the attorney for the appellants, and others, took the fingerprints of the appellants without any objections on the part of the appellants or their attorney,

Mr. Miles. Leslie S. Bear, sheriff of the county, testified for the State. It appears from his evidence that he brought the cigars and cigarettes from the place where they were found to the jail and that he gave them to Mr. Davis to examine for fingerprints; that Davis examined the articles and told Mr. Bear that they had on them the prints of the appellants. All of this evidence was introduced without any objection by the appellants or their attorney. It is further in evidence that the appellants had robbed this same store on a prior occasion.

When the appellant Louden was arrested he did not deny that he was guilty, but merely said to the sheriff— "Well, you have to prove it on me this time. I took the rap before and I was not guilty and you have to prove it this time."

While we have not attempted to set out all the evidence given in the case we are convinced that we have set out enough to show that the jury was justified in finding appellants guilty as charged. It is true that the evidence in this case is circumstantial, yet the facts and circumstances in the case are such that the jury, if they believed them, was warranted in finding a verdict of guilty. It is the duty of the jury to weigh the evidence and not the court.

> "In passing on the sufficiency of circumstantial evidence, a verdict of guilty will not be disturbed unless an essential link in the chain of circumstances is wanting. A link in a chain may be weak, but if the circumstances supplying it are such that the jury or trial court can reasonably draw the inference of guilt, the conviction must stand."

*Osborn* v. *State* (1927), 199 Ind. 44, 154 N. E. 865.

> "Whether the proof does or does not point conclusively to the guilt of the accused is a question for the jury, and where there is some evidence incriminating in character sufficient to convince the jury trying the case of the guilt of the accused, the Su-

preme Court will not disturb the judgment of the trial court."

*Murphy* v. *State* (1915), 184 Ind. 15, 17, 110 N. E. 98.

The instructions given in the case are not before us, but we must assume that the jury was properly instructed as to the rule governing circumstantial ■ evidence. And after hearing the evidence and the instructions of the court and being confronted with the witnesses, the jury was convinced of the guilt of the appellants. In addition the sufficiency of the evidence was presented to the court in the appellants' motion for a new trial and the court was evidently convinced that there was evidence sufficient to sustain the verdict, as the motion was overruled.

The appellants complain of the introduction in evidence of Exhibit "B," which consisted of some cigars in a cigar box, cigarettes, and other articles which, ■ as heretofore stated, were found on the Rector farm and near the home of appellant Louden. We think there was no error in the admission of said exhibit. If evidence tends to prove a fact in issue it is admissible. In the case of *Deal* v. *State* (1895), 140 Ind. 354, 373, 39 N. E. 930, it is said:

> "When evidence tends to prove a fact, however slight that tendency may be, it is admissible. That is the only guide the court can have in determining the admissibility of evidence. If the fact which the proposed evidence tends to prove is material to the issue, the court is legally bound to admit it, even though its tendency in that direction is exceedingly slight."

The appellants contend that the court erred in permitting one Raymond E. Davis to testify as a fingerprint expert for the reason that he had not been sufficiently ■ ciently qualified to testify. We do not think there is any merit to this objection. The witness, Davis, was questioned at length as to his qualifications

as an expert on fingerprints, and he testified that he had taken the fingerprints of both the appellants, but when the State undertook to introduce Exhibits "C," "E," "G," and "H," which were the fingerprints of the appellants, they objected to their introduction on the grounds that the witness, Davis, had not been properly qualified as an expert witness and the objection was sustained by the court. The appellants could not have been injured by the evidence of Davis. It was merely evidence going to his qualification as an expert in fingerprints. The State was attempting to qualify him as an expert, but the court, after hearing the evidence, refused to permit the introduction of the above exhibits on the grounds that he was not sufficiently qualified. This ruling was in favor of the appellants.

Finding no reversible error, the judgment is affirmed.

Judgment affirmed.