FOREMAN *v*. STATE OF INDIANA.

[No. 26,956.   Filed April 28, 1938.]

*Smith & Parrish,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Rexell A. Boyd,* Deputy Attorney-General, for the State..

SHAKE, J.—Appellant was indicted, tried by a jury, and convicted of the crime of automobile banditry. He has appealed to this court and he assigns as error the action of the trial court in: (1) Sustaining the demurrer of the state to his plea in abatement; (2) sustaining the demurrer of the state to his plea in bar; (3) overruling his motion to quash the indictment; (4) overruling his motion for a new trial.

The plea in abatement was upon the theory that the jury commissioners who drew the grand jury that indicted the appellant were not legally qualified because they had not taken an oath to support the Constitution of the United States and the

Constitution of the State of Indiana. §4-3301 Burns' Ann. St. 1933 (§1266 Baldwin's Ind. St. 1934), prescribes the form of oath to be taken by jury commissioners before they enter upon their duties. The appellant does not claim that the jury commissioners did not take and subscribe to this oath. Section 4 of Article 15 of the Constitution of Indiana provides that: "Every person elected or appointed to any office *under this constitution*, shall, before entering on the duties thereof, take an oath or affirmation, to support the Constitution of this State, and of the United States, and also an oath of office." (Our italics.) Jury commissioners are not constitutional officers; they are statutory officers. §4-3301 Burns 1933, §1266 Baldwin's Ind. St. 1934. The Legislature may, in its wisdom, abolish the entire grand jury system. Constitution of Indiana, Article 7, §17. The General Assembly created the offices of jury commissioners, and provided by law the form of oath to be taken by them. We hold that this oath is sufficient, and that the provisions of Article 15, §4, of the State Constitution have no application hereto. The demurrer to the plea in abatement was properly sustained.

By his plea in bar the appellant sets forth that in August, 1932, he was charged by affidavit with the crime of burglary in the Adams Circuit Court; that the prosecution remained on the dockets of that court until September, 1934, when he was discharged under the provisions of §9-1403 Burns 1933 (§2239 Baldwin's 1934), upon the ground that three terms of said court had intervened and said cause had not been tried. It is the appellant's contention that the indictment upon which he was tried and convicted charged a crime which grew out of the same facts as the previous prosecution, and that his discharge from the former was a bar to the latter. The prosecution for burglary instituted in 1932 was based upon §2446 Burns 1926;

the prosecution for automobile banditry was under §10-4710 Burns 1933 (§2573 Baldwin's 1934). In *Ramsey* v. *State* (1932), 204 Ind. 212, 224, 183 N. E. 648, this court said that the statute on automobile banditry ". . . creates and defines a new and specific offense . . . the characterizing element being the having of an automobile at hand with which to escape, or the seizing of an automobile with which to escape. The offense, and the only offense . . . is automobile banditry, although, by definition, automobile banditry includes the elements of the commission or attempted commission of a felony." In *Durke* v. *State of Indiana* (1933), 204 Ind. 370, 183 N. E. 97, it was held that an acquittal on a charge of burglary would not bar a subsequent prosecution for conspiracy to commit burglary growing out of the same transaction, for the reason that the essential proof in a prosecution for burglary would not be sufficient to convict one charged with a conspiracy to commit burglary. The same rule, and the reasons that sustain it, are applicable to appellant's case, and his plea in bar was insufficient. The demurrer thereto was properly sustained.

It is claimed that the indictment should have been quashed because it is duplicitous. It charges the appellant with *having* an automobile and with *seizing* an automobile for the purpose of escaping or attempting to escape. We do not think it charges two separate and distinct offenses. It follows the language of the statute. "Where, as here, the offense charged consists of one or more of the forbidden acts committed at the same time and included in a single section of the statute, and the punishment is the same for one or all of the offenses named, a single count charging more than one conjunctively will not be bad for duplicity." *Glaser* v. *State* (1932), 204 Ind. 59, 63, 183 N. E. 33.

Several of the propositions presented by the motion for a new trial relate to the introduction of evidence and

as to its sufficiency. For that reason it is proper that we should set out some of the facts which were fairly supported by the state's witnesses. Amanda Ayers, a widow 77 years of age, lived alone on a farm. On the evening of August 17, 1932, she was sitting in her home after having finished her household chores. She was disturbed by a noise at a screen door at her back and a strange man entered the room. To her inquiry as to what he wanted he replied that she would soon find out. He then seized her by the shoulders and held her down in the chair while he tied a cloth over her mouth and eyes. Another man then came into the room and together they tied her hands and feet to the chair. Both men then went upstairs and ransacked the house. After about an hour and a half Mrs. Ayers freed herself and ran to the home of a neighbor. The neighbor called the sheriff, who arrived on the scene a short time later. He found that the telephone wires leading to Mrs. Ayers' home had been cut. Near the house he found tracks indicating that an automobile had recently been parked beside the highway and there were tracks of two men leading from the Ayers house to the place where the automobile had stood. Mrs. Ayers positively identified the appellant as the first man that entered her home, but she did not see the other man. A young man named Charlie Myers, who lived in the neighborhood, had been attracted by the unusual operations of an automobile late in the afternoon and on the night the crime was committed. This car was driven back and forth along a highway near Mrs. Ayers' home a number of times. The lights were turned on and off frequently. The young man obtained a description of the car, observed that it was occupied by a woman and a child, and took its license number, which he gave to the sheriff. There was testimony that the car belonged to a woman by the name of Florence Foreman. She sat in the courtroom

with the audience during the trial and was pointed out to the jury but was not called as a witness. Appellant was arrested at the county jail when he went there to see his wife. When asked by the sheriff about the Amanda Ayers case, he replied, "I am not going to tell you anything, I am in this mess enough." He did not testify at the trial and no important evidence was offered in his behalf other than as to his previous good reputation.

Any fact that legitimately tended to connect appellant with the commission of the crime was admissible. Thus the finding of tracks leading from the scene of the attempted robbery, where appellant was shown to have been, to a place where there was evidence that a parked automobile had been standing, was competent. Evidence that a strange automobile was in the vicinity at the time, and the unusual manner in which it was operated, corroborated the other circumstances, and failure to directly connect the defendant with the tracks or the automobile would affect merely the weight of the evidence and not its admissibility. 9 C. J. 1066; 16 C. J. 548.

The evidence as to the use of an automobile in the commission of the attempted robbery was circumstantial, but we can not say, as a matter of law, that it was insufficient to sustain the verdict of the jury. " 'In passing on the sufficiency of circumstantial evidence, a verdict of guilty will not be disturbed unless an essential link in the chain of circumstances is wanting. A link in a chain may be weak, but if the circumstances supplying it are such that the jury or trial court can reasonably draw the inference of guilt, the conviction must stand.' *Osborn* v. *State* (1927), 199 Ind. 44, 154 N. E. 865, 866. 'Whether the proof does or does not point conclusively to the guilt of the accused is a question for the jury, and where there

is some evidence incriminating in character sufficient to convince the jury trying the case of the guilt of the accused, the Supreme Court will not disturb the judgment of the trial court.' *Murphy* v. *State* (1915), 184 Ind. 15, 17, 110 N. E. 198." *Smith* v. *State* (1937), 212 Ind. 605, 609, 10 N. E. (2d) 899.

There was a motion on behalf of the appellant at the conclusion of the testimony of the state's witness Charlie Myers to strike out all of his testimony for the reason that it did not tend to prove the allegations contained in the indictment or to connect the defendant with the offense charged. This motion was denied and this is assigned as an independent error in the motion for a new trial. If the evidence were open to the objections urged against it, the appellant would not have been harmed thereby. Some of the testimony sought to be stricken out was clearly competent, so that there was no error in overruling the motion, in the form that it was made.

It is also claimed that the trial court erred in permitting the state's witness Mary Myers to identify and point out to the jury one Florence Foreman, who was shown to have been the owner of the automobile seen in the vicinity of the Ayers home about the time of the commission of the crime. The same objection was made to this testimony as was urged to the testimony of the state's witness Charlie Myers and what we have said on that subject is likewise applicable here.

The sheriff was recalled as a witness to testify on behalf of the state. On redirect examination he testified, in substance, that the license plates on the car referred to were owned by Florence Foreman. This was not error. Courts take notice that the statutes of the state require motor vehicles to be registered, and that public records are kept and maintained showing the owners thereof. §47-103 Burns

1933, §11102 Baldwin's 1934. The statute also provides that the Secretary of State shall compile lists of all holders of license plates registered in Indiana each year, and that he shall deliver one copy thereof to each county sheriff in the state. §47-130 Burns 1933, §11146 Baldwin's 1934. While the proper public records would, of course, constitute the best evidence of their contents, the only objection made to this evidence was that it was hearsay, and immaterial. The testimony was not subject to that objection. It was but another link in the chain of circumstances from which the jury was warranted in concluding and finding that the defendant left the scene of the crime by means of a motor vehicle, in violation of the statute under which he was being prosecuted.

Error is predicated upon the giving of the court's instruction 14 on its own motion, and in refusing to give instructions 6 and 15, tendered by the appellant. The court's instruction 14 was as follows: "A witness may be asked, for the purpose of impeaching his testimony, if he made certain statements at another time, inconsistent with his testimony, and the credibility of such witness may be impeached by proof that he has made statements out of court contrary to and inconsistent with what he testified to in the trial concerning matters material and relevant to the issues joined. And in this case if any witness has been thus impeached about material matters, relative to the issues in the case, then you have a right to reject all his testimony except in so far as he has been corroborated by other credible evidence in the case." Appellant properly asserts that an instruction should be applicable to the evidence and he says that there is no evidence in the record to which this instruction could be directed. We have examined the record and we find no impeaching testimony. We regard the instruction as harmless. It

is not applicable to any testimony offered on behalf of the defendant, since all his pertinent evidence was confined to the subject of good reputation. It is inconceivable that the appellant was injured by the giving of this instruction.

Instruction 6 tendered by the appellant and refused, related to the force of circumstantial evidence. The refusal of this instruction was not error because the court fully instructed the jury on that subject in its instructions 12 and 13, given on its own motion. Instruction 15 undertook to charge the jury that the dismissal of the prior charge of burglary placed the appellant in former jeopardy and entitled him to a verdict of acquittal. This is the same question presented to the court on the appellant's plea in bar, which we have already considered, and the giving of appellant's instruction 15 would have been error on the part of the trial court. Appellant had not been in jeopardy, and the dismissal of the former case was not a bar to the prosecution for which he was convicted.

The judgment is affirmed.