TODD *v*. STATE OF INDIANA.

[No. 28,672.   Filed December 4, 1951.]

*Ernest E. Owens,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Merl M. Wall* and *George W. Hand,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was prosecuted by affidavit charging automobile banditry under the Acts of 1929, ch. 54, §3, being §10-4710, Burns' Revised Statutes, 1942 Replacement. To this affidavit appellant entered a plea of not guilty. He was tried before a jury which rendered a verdict of guilty and that he be imprisoned in the state prison for a period of ten years. The court found that his true age was thirty-eight years, and sentenced him to serve a determinate period of ten years in the Indiana State Prison. From such judgment this appeal is taken.

Seven separate grounds are advanced by appellant in his motion for a new trial among which are (3) the trial court erred in overruling appellant's motion for a directed verdict of acquittal at the close of the state's case; (6) that the verdict of the jury is not sustained by sufficient evidence. These present the principal question in this case.

The affidavit upon which appellant was tried and convicted alleged that on or about the 20th day of September, 1947, defendant unlawfully attempted to commit and did commit a felony, by fraudulently and knowingly, publishing, passing, and delivering to one Herbert E. Anderson a forged and counterfeit check in the sum of $57.30 with the intent to defraud said Anderson, and alleging further "that the said Ralph Todd, did have at the time at, on and near the said

premises an automobile or other self-moving convey-ance, by the use of which the said Ralph Todd did escape, attempt or escape and intend to escape, contrary to the form of the statute in such case made and provided."

Said §10-4710 provides:

"If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize any automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than ten (10) years nor more than twenty-five (25) years."

This court will not weigh the evidence when its sufficiency is questioned on appeal but will examine the record to see if there is any evidence, or any reasonable inference which may be drawn from the evidence, which would sustain the verdict of the jury or the decision of the trial court. *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758; *Osborn* v. *State* (1927) 199 Ind. 44, 154 N. E. 865; *Erfman* v. *State* (1935), 207 Ind. 673, 194 N. E. 326; *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671.

We think the evidence sufficient to establish the crime of forgery. When we examine the record for the purpose of ascertaining whether there is sufficient evidence to sustain a conviction of automobile banditry, considering the evidence most favorable to appellee; we find that Herbert E. Anderson, as a witness for the

state, testified that a previous witness called by the state, one Ruth Todd, gave him the check described in the affidavit on the 20th day of September, 1947 and, in return for said check, he gave her some groceries and meat and the balance between the cost of the groceries and meat in cash. He further testified that he did not see the defendant; that there was a gentleman in front of the store waiting for Ruth Todd, but he had no idea whether it was the defendant or someone else. One Clifford McCory, an officer for the Indiana state police, testified that sometime between the hours of 7:30 and 8 P.M. on September 20, 1947, at about a half mile south of the junction of State Road 50 and 31 he observed a vehicle being driven south; that he stopped the vehicle and found as occupants of the car appellant and a lady who later gave her name as Vera Clark; and that defendant was driving the automobile at the time. This witness further testified that Vera Clark was later identified as Ruth Todd; that he took the two occupants of the car to the Seymour state police headquarters and upon examination of the car found "two sacks of groceries" in the rear of the car; that he made no examination as to what was in the sacks but noticed that it was a mixture of groceries.

Don Winn, another member of the State police force, testified for the state that he observed two sacks of groceries in the back seat of the car. He further testified, when asked by the prosecuting attorney if he recalled what, if anything, Ruth Todd said in a conversation at which the prosecuting attorney, Ruth Todd, Ralph Todd and himself were present on November 3, 1947, regarding the use of an automobile at the time she cashed the check in the City Meat Market, that she said that Ralph Todd drove the car.

One Byron L. Judd, a witness for the state, testified that he operated a grocery store in the city of Seymour, and that on the 20th day of September, 1947, a lady who represented herself as Vera Clark came into his store to buy some groceries and gave him a check in the amount of $58.60; that he followed her out of the store and saw her cross the street and start west. He then saw a person, whom he later identified as the appellant herein, follow her about a block down the street where he crossed the street, got into a car and drove down to the next corner where he picked her up. He further testified that the car was a 1947 Ford.

The foregoing constitutes a summary of all of the evidence introduced by the state to sustain the allegation that appellant "did have at the time at, on and near the said premises an automobile or other self-moving conveyance, by the use of which the said Ralph Todd did escape, attempt or escape and intend to escape . . .", as charged in the affidavit.

The statute under which appellant was convicted provides that the automobile or other means of conveyance by the use of which a person intends to escape must be, at the time, on or near the premises where the felony is attempted or committed. We find no evidence in the record, either direct or circumstantial, which tends to prove that defendant had an automobile on or near the premises of the City Meat Market (the store of Herbert E. Anderson) at the time the alleged forged check was presented to the said Anderson by Ruth Todd. We do not think the circumstances of finding two packages of unidentified groceries in the back of appellant's car between the hours of 7:30 and 8 P.M. on the evening of the day the alleged check was passed, or the statement of Ruth Todd made at state police headquarters that appellant was driving the car,

when there is no evidence even from which a reasonable inference might be drawn that appellant had an automobile on or near the premises of the store at the time she presented the check to the said Anderson, sufficient to sustain a charge of automobile banditry in this case. None of the groceries were identified by the state as having come from Anderson's store. Neither were they identified as being the same type or kind of groceries purchased by Ruth Todd from Anderson.

The charge upon which appellant was convicted is that he used an automobile to escape from the alleged commission of a felony, viz., the passing of a forged check to Herbert E. Anderson at the City Meat Market, and the testimony of Byron L. Judd that defendant had driven away from his store in an automobile after Ruth Todd had given him an alleged forged check for groceries and cash, is not evidence from which a reasonable inference might be drawn to establish the fact that appellant had on or near the premises at the City Meat Market, the store owned by Herbert E. Anderson, an automobile to be used in an attempt to escape from there (Anderson's store) after a check had been cashed by Ruth Todd.

Since there is no direct evidence in the record appellant's guilt, if any, must be established by circumstantial evidence.

There must be some substantial evidence of probative value from which a reasonable inference of the guilt of the defendant may be drawn. The verdict of the jury may not be based upon mere suspicion, possibility, guess or conjecture. *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

The mere possibility that appellant may have had an automobile on or near the premises of the City Meat Market for the purpose of escaping after Anderson

had cashed the alleged forged check for Ruth Todd will not sustain an inference upon which such possibility can be established as a fact. *Prudential Ins. Co. of America* v. *Van Wey* (1945), 223 Ind. 198, 204, 59 N. E. 2d 721.

In order to establish the guilt of appellant the circumstances must be such that a reasonable inference, which establishes such guilt beyond a reasonable doubt, may be drawn therefrom.

There is no evidence that appellant was at any time on or in the vicinity of the City Meat Market on September 20, 1947. The fact as to whether he was present at the time alleged and had an automobile on or near the said store and that such automobile was used in making his escape, must be established by evidence or by proper inferences based upon competent evidence. *Prudential Ins. Co. of America* v. *Van Wey* (1945), 223 Ind. 198, 59 N. E. 2d 721, *supra*, and where as here, there is no substantial evidence of probative value, there can be nothing upon which the jury could have based a proper inference. The jury could not presume that appellant was waiting for Ruth Todd at Anderson's store with an automobile to be used and which was used to make their escape.

The evidence herein summarized is at best uncertain and speculative. The jury could not properly base an inference of guilt upon such evidence. *Orey* v. *Mutual Life Insurance Co. of N. Y.* (1939), 215 Ind. 305, 309, 19 N. E. 2d 547.

It was essential to a verdict of guilty in this case for the state to prove and establish as a fact, that appellant, at the time Ruth Todd was presenting the alleged forged check to Anderson and at the time she walked out of the store, had on or near the premises an automobile which he intended to use or did use in an attempt to escape or in which they did escape. There

is a complete lack of evidence in the record here to establish this essential fact, or to prove facts which justify any reasonable inference from which it might be established.

It seems to us that under the evidence in this case the verdict of the jury was based upon suspicion, guess and conjecture. Such a verdict will not be permitted to stand. A man's liberty cannot be taken away from him on mere suspicion, guess or conjecture.

The trial court erred in overruling defendant's (appellant's) motion for a directed verdict and in overruling appellant's motion for a new trial.

Having concluded that there is not sufficient evidence to sustain the verdict of the jury, it is not necessary to pass upon the other questions raised by appellant's brief.

Judgment reversed with instructions to grant appellant's motion for new trial.

NOTE.—Reported in 101 N. E. 2d 922.