BARRICK v. STATE OF INDIANA.

[No. 29,148. Filed May 25, 1954.]

*Raymond Demaree,* and *Charles W. Symmes,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Richard M. Givan,* Deputy Attorney General, for appellee.

DRAPER, J.—Appellant was charged with automobile banditry as defined by Burns' 1942 Repl., §10-4710. He was found guilty and sentenced to ten years imprison-

ment at the Indiana Reformatory. His motion for new trial was overruled and he appeals.

The affidavit, the sufficiency of which was in no way challenged, charges that the appellant attempted to commit a felony, to-wit: burglary in the second degree, by then and there attempting to break and enter into the business building in question with intent to commit grand larceny, having on or near the premises an automobile by the use of which he intended to escape.

Appellant's motion for new trial asserts only that the finding is not sustained by sufficient evidence and that it is contrary to law.

The evidence discloses without contradiction that the building in question was located on the northwest corner of East Main and Oak Streets in the city of Crawfordsville. It faced south on Main Street. It had two large windows in front, on the south side, and several smaller windows on the east side along Oak Street. There were three doors, one on the south in the front, one on the side to the east, and one on the north at the rear of the building.

On the night in question the store was closed about 11:10 P.M., though the lights were still on. The cleaning and sweeping had been completed by the employees, and Emmett Bowman, Jr., one of the proprietors, was in the process of checking out a cash register which contained between $400 and $500, when he heard a rattling at the east door as if someone were trying to get in. He looked up and saw a man standing outside at a window on that (east) side of the building, watching him count the money. This man was visible from chest to head, and was wearing a faded yellow hood or mask with two holes in front each about the size of an egg. Bowman rushed to the east door and locked the inner door, the outer or storm door having already been locked.

He then rushed to the front door and locked the inner door there, the outer storm door having also been locked earlier. Remembering that the back door was unlocked, he then rushed to lock that door. In the meantime the masked man who had stood at the east window moved toward the north or rear of the building.

After locking the back door Bowman telephoned the police, and while making the call he heard someone shake the back door, which he had just locked, as though attempting to get in. While squatting down awaiting the arrival of the police, Bowman saw another man come along Main Street from the west. This man saw Bowman and ran north on Oak Street. As the police arrived Bowman ran out of the front door to meet them and ran head-on into the appellant who was angling toward the northwest, having apparently just emerged from an area-way between the store building and a residence immediately to the west. When they collided the appellant was still wearing the mask, but immediately removed it and placed it in his pocket. When arrested he was wearing a rubber glove on his right hand.

While being taken to the station in a police car the appellant threw the hood and glove out of the car. They were immediately recovered by the police. The officers had given chase to the other man who had previously run north on Oak Street but he made good his escape. About an hour later the police found an automobile bearing an Indianapolis license plate parked in the street about a block and a half from the building in question. The ignition key was in the lock. In the car there was a pair of trousers containing a billfold in which was found currency and certain other items which positively identified the appellant as the owner of the billfold. The police also found a watch, ring and other articles in the car. When arrested no identifica-

tion of any kind was found upon the person of the appellant. The appellant later authorized the delivery of all the articles found in the car, including the trousers, to his mother.

At daybreak the next morning the officers found a loaded automatic pistol and a rubber glove, which matched the one worn by the appellant, about fifteen feet from where the defendant was arrested the night before. The defendant refused to make any statement beyond giving his name.

The evidence discloses that a co-partnership composed of Walter Bowman and Emmett Bowman, Jr., occupied the business building here involved for the purpose of operating a drug store, restaurant and grocery business, and all of the property situated therein was owned by them for that purpose. This evidence was sufficient to refute appellant's contention that the ownership of the premises was not proven.

The evidence would seem to be sufficient to establish beyond question that the appellant attempted to commit the crime defined by Burns' 1942 Repl., §10-704, which forbids the mere entry of a business house with the intent to commit a felony therein, but such was not the charge. Instead, the appellant was charged with attempting to commit second degree burglary as defined by Burns' 1942 Repl., §10-701(b), a necessary element of which is the breaking as well as the entering of a building with the intent to commit a felony therein. The appellant insists there was no evidence of an attempt to commit burglary.

It must be conceded, as claimed by appellant that if the evidence shows that the appellant did no more than test the doors to see whether this place of business was open to the public at the time, proof of a felonious attempt to break is entirely

lacking. The appellant did not testify. There is no direct evidence that he was merely testing the doors for the purpose of ascertaining whether the place was open for business, and we doubt that such an inference could logically be drawn from the evidence. In any event the evidence was certainly not such as to compel that inference to the exclusion of that apparently drawn by the trial court, whose sole duty it is to weigh the evidence and determine the facts. In that situation we are not at liberty to interfere.

It is well settled by the authorities that if the facts are sufficient to establish the requisite intent to commit a burglary, proof of a slight effort to carry the unlawful purpose into effect is sufficient to sustain a conviction of an attempt to commit it.[1] Purpose and preparation alone are not sufficient to constitute an attempt to commit burglary, but purpose and preparation in combination with immediate and direct action towards the commission of it is sufficient to constitute an attempt to commit it. 9 Am. Jur., Burglary, §3; 12 C. J. S., Burglary, §28. As is said in *People* v. *Sullivan* (1903), 173 N. Y. 122, 65 N. E. 989, 63 L. R. A. 353, 93 Am. St. Rep., 582, a case fre-

---

1. An attempt to commit burglary is not a criminal offense under the laws of this state. *Link* v. *State* (1953), 232 Ind. 466, 113 N. E. 2d 43. That fact is immaterial to the case under consideration since the crime charged here is automobile banditry, which is defined as follows: "If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than ten (10) years nor more than twenty-five (25) years." Burns' 1942 Repl., §10-4710.

quently cited and quoted by the text writers: "Whenever the acts of a person have gone to the extent of placing it in his power to commit the offense unless interrupted, and nothing but such interruption prevents his present commission of the offense, at least then he is guilty of an attempt to commit the offense, whatever may be the rule as to his conduct before it reached that stage." See also, 1 Wharton's Criminal Law (12th Ed.), §220. The rule just quoted would seem to fit the situation presented here.

The term "breaking" as used in our statute denouncing the crime of burglary does not imply the actual fracturing of or injury to a material part of a building, such as a door or window. It includes the putting aside of any material part of the building intended as a security against invasion, such as removing a window screen, *Sims* v. *The State* (1894), 136 Ind. 358, 36 N. E. 278, breaking of a canvas shutter, *Grimes* v. *The State of Georgia* (1886), 77 Ga. 762, or opening a closed door. *Commonwealth* v. *Mackey* (1916), 171 Ky. 473, 188 S. W. 676; *Harris* v. *The State* (1931), 119 Tex. Cr. 71, 44 S. W. 2d 708; *State* v. *Cass* (1928), 146 Wash. 585, 264 Pac. 7; *Cooper* v. *State of Florida* (1922), 83 Fla. 34, 90 So. 693, 23 A. L. R. 109; Anno. 23 A. L. R. at p. 116.

Under the attendant circumstances the unsuccessful attempt of the appellant or an accomplice to open the door was an attempted breaking. The appellant's felonious intent was apparent. He had provided himself with rubber gloves, a familiar tool of the burglar's trade. He came armed with a loaded pistol and equipped with a mask, the accouterments of the robber and the thief. Other incriminating circumstances need not be reviewed. The evidence was suffi-

cient to establish an attempt to commit the crime of burglary in the second degree as charged.

It is lastly asserted, however, that there is no proof of any intention to escape by the use of an automobile, and here the appellant relies on *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922. The Todd case was entirely unlike this one. In that case there was no evidence whatever that Todd had an automobile on or near the premises where the forgery was committed, or for that matter that he had any knowledge of or connection with the forgery itself, which was committed by another person.

It is true that the automobile in this case was parked about a block and a half from the store building, and when apprehended the appellant was not running directly toward it. However, we cannot say as a matter of law that the automobile was too far away to be considered as being "on or near the premises" where the felony was attempted. That question would be one of fact to be determined by the court or jury under the circumstances of each particular case.

Whether the appellant was trying to reach the automobile or was trying to conceal himself somewhere when he was caught was left unexplained. We cannot know the answer. The evidence tending to connect the appellant with the automobile was admissible. Taken with the other facts and circumstances in evidence it was sufficient, in our opinion, to sustain the finding of guilt. *Foreman* v. *State* (1937), 214 Ind. 79, 14 N. E. 2d 546.

Finding no error, the judgment is affirmed.

Bobbitt, Flanagan, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 119 N. E. 2d 550.