LENOVICH v. STATE OF INDIANA,

[No. 29,498. Filed June 9, 1958.]

*Myrten W. Davie* and *Robert J. Salek,* both of La-Porte, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, and *Raymond M. Fox,* Prosecuting Attorney for LaPorte County, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict that appellant was guilty of automobile banditry as charged in the Second Count of an affidavit, for which he was sentenced to the Indiana State Prison for 10 years. Appellant pleaded not guilty, and filed a special plea of insanity under §9-1701, Burns' 1956 Re-

placement. He assigns error in overruling his motion for a new trial.

Appellant's motion for a new trial maintains that the verdict was contrary to law and not supported by sufficient evidence. This court on appeal will not weigh the evidence when its sufficiency is questioned, but will examine the record to see if there is any evidence, or any reasonable inference which may be drawn from the evidence, which would sustain the verdict of the jury. *Todd* v. *State* (1951), 230 Ind. 85, 87, 101 N. E. 2d 922; *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758; *Osborn* v. *State* (1927), 199 Ind. 44, 154 N. E. 865; *Erfman* v. *State* (1935), 207 Ind. 673, 194 N. E. 326; *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671.

The uncontradicted evidence from the transcript, which extends through 725 pages, shows the following facts: On the late evening of January 20, 1956, at about 11:30 o'clock appellant was a patron in Luebker Tavern located on the west side of LaPorte, Indiana. It was a cold night and a light snow covered the ground. At approximately 11:50 o'clock appellant, after having one bottle of beer, left the tavern and walked to the car he had been driving, which was parked behind other cars on a used car lot located across the street and south of Luebker Tavern, a distance of 300 to 400 feet. From this car appellant obtained a screw driver, pliers, and a small wrench. In his written confession appellant said he first walked toward town but then returned to the tavern after it had closed. He broke the front door glass and entered through the opening. Between 12:15 and 12:30 A. M., he was discovered inside the tavern by the LaPorte police. After he was apprehended the tools were found in his possession, in addition to $16.55,

only $1.00 of which the appellant claimed as his money. Examination of the premises showed that cash had been removed from the cash register and the juke box had been broken. While being led to the police squad car appellant broke from the officer's grasp and ran a short distance before being apprehended again.

The statute defining automobile banditry provides: "If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, . . ." Section 10-4710, Burns' 1956 Replacement.

Whether appellant intended to use the automobile he had parked on the used car lot to escape was a question of fact for the jury. In a similar case this court reasoned:

"It is true that the automobile in this case was parked about a block and a half from the store building, and when apprehended the appellant was not running directly toward it. However, we cannot say as a matter of law that the automobile was too far away to be considered as being 'on or near the premises' where the felony was attempted. That question would be one of fact to be determined by the court or jury under the circumstances of each particular case." *Barrick* v. *State* (1954), 233 Ind. 333, 340, 119 N. E. 2d 550.

The jury was justified in finding appellant intended to use the automobile he had parked on the used car lot

earlier in the evening to leave the scene after ██ he had committed the burglary. Appellant's parents, who owned the automobile and with whom he stayed when not working, lived several miles away on the east side of LaPorte. Appellant had the keys to the car in his possession when apprehended. It is reasonable to infer that the appellant intended to use the automobile to leave the scene of his admitted burglary. He certainly didn't put the car on the lot in the middle of a cold night in January to sell it. There is in the record sufficient evidence of probative value to support the verdict of the jury.

By his special plea appellant has raised the defense of insanity. He introduced evidence tending to show ██ he was insane, and this required the State to prove beyond a reasonable doubt that appellant was of sound mind at the time the offense was committed. *Burton* v. *State* (1958), 238 Ind. 107, 148 N. E. 2d 838. Four physicians examined appellant and testified as to his mental condition. In support of the verdict, Dr. Carl Fisher testified: ". . . there was no indication that he was out of complete command of his faculties at the time I examined him. . . . I can't testify as to his condition at another than the time when I examined him." Dr. Patrick H. Weeks, physician and psychiatrist, associated with the hospital for the criminally insane in Indiana for more than thirty years, testified: "Well, I was of the opinion he had sufficient mentality to understand the nature of the crime, or act," and that, ". . . in my opinion he did have sufficient control of his willpower to not commit a crime." Several lay witnesses testified that in their opinion appellant was a person of sound mind. The credibility of these witnesses was for the jury to deter-

mine, and it was sufficient to sustain the State's burden on the issue of insanity.

Appellant's propositions 3, 4, 5, 6, and 7 concern the court's refusal to give certain instructions tendered by the appellant. It is not error to refuse an instruction, although a correct statement of the law, when the subject thereof is fully covered by instructions given. *Union Traction Co.* v. *Alstadt* (1924), 195 Ind. 389, 395, 143 N. E. 879. All these requested instructions were substantially covered by other instructions given by the court. Appellant asserts no error in any of the instructions given by the court.

Appellant's proposition number 8 contends that he was prevented from having a fair trial for the reason that a witness appointed by the trial court to examine appellant as to his sanity at the time of the commission of the crime, was prejudiced against him, and that such facts were unknown to appellant. The evidence of the alleged prejudice is contained in the hearing on the motion for new trial which covered 200 pages of the transcript. At the hearing the appellant presented himself, four fellow inmates, a paroled convict, and a State Parole Officer as his witnesses. The State presented the testimony of Dr. William H. Olson, Medical Director of the Indiana State Prison. The trial court weighed the evidence, and in overruling the motion for new trial the court below found the witness disinterested. A thorough examination of the record shows no evidence that the trial court abused its discretion by making this ruling.

The record discloses appellant had a fair trial, and no error has been shown.

Judgment affirmed.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 150 N. E. 2d 884.