## TODD *v.* STATE OF INDIANA

[No. 29,037. Filed September 30, 1954.]

*Bruce N. Cracraft* and *Ferdinand Samper,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding the appellant guilty of robbery under count one (I) of an indictment, and automobile banditry under count two (II) of the same indictment, upon which appellant was sentenced for a term of not less than ten nor more than 25 years and disfranchised for ten years on the robbery count, and for ten years on the automobile banditry charge. The error assigned here is the overruling of the motion for new trial, which only challenged the sufficiency of the evidence to sustain the verdict.

After conviction, we only consider the evidence most favorable to the state, and all reasonable and logical

inferences that may be drawn therefrom. *Keith* ■ v. *State* (1901), 157 Ind. 376, 61 N. E. 716; *Badgley* v. *State* (1949), 226 Ind. 665, 82 N. E. 2d 841; *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769. When the evidence is viewed according to this well established rule, the jury was warranted in finding the state had proved appellant guilty beyond a reasonable doubt, and that the criminal offenses charged occurred as follows:

Calvin A. Smulyan, as an individual, operated a poultry and egg business known as Smulyan's Market at 111-115 North Alabama Street, in the City of Indianapolis. At about 4:10 o'clock P.M., November 6, 1950, appellant entered Smulyan's place of business and held him up with a revolver, and by fear and violence took $830.00 from him. Appellant threatened to kill him, but after appellant left, Smulyan pursued him, and raised a hue and cry that he had been robbed. Appellant ran north on Alabama Street to Wabash, thence east on Wabash to an automobile parking lot where he turned north between the cars, and there hesitated momentarily in order to threaten others who joined the pursuit. He fired two shots into the air, and then he went east to New Jersey Street, where he entered a black four door Studebaker sedan driven by another man, which was parked on the west side of New Jersey Street near the intersection of Wabash Street. The two men in the car then fled east on Wabash Street.

A few minutes thereafter their car crashed into an automobile owned by Martha McCullough, which was parked on Grove Street west of Hosbrook Street. The car bore Indiana license number HK 7211, which had been noted by one of the six men pursuing appellant on foot, and had been given to the police department. Police officers near the neighborhood were look-

ing for the robbery car, and a few seconds after the crash seized the car, searched it, found the revolver and an additional set of license plates. The license had been issued to Carl L. Todd, appellant, residing at 919 South Sixth Street, Terre Haute, Indiana. Appellant and the driver left the car immediately after the crash and went toward Virginia Avenue. Appellant was identified by Smulyan and several of the men who pursued him immediately after the robbery. While he was in custody he offered to plead guilty if he could get his co-defendant and accomplice, Orville Leonard Devellen, a sentence of from one to ten years.

The evidence clearly proved appellant guilty of robbery under §10-4101, Burns' 1942 Replacement, and of automobile banditry under §10-4710, Burns' 1942 Replacement. There is no merit in appellant's contention that the evidence shows appellant guilty of armed robbery as defined by §10-4709, Burns' 1942 Replacement, and that therefore he could not properly be convicted of robbery by violence under §10-4101, Burns' 1942 Replacement.

The evidence clearly shows appellant had at the time near the premises where the robbery was committed an automobile by the use of which he escaped. The facts were entirely dissimilar to the facts in *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922, where there was an absence of proof on this essential allegation in the charge of automobile banditry.

The verdict was sustained by sufficient evidence and was not contrary to law.

Judgment affirmed.

Flanagan, C. J., Gilkison, J. and Draper, J. concur. Bobbitt, J., not participating.

NOTE.—Reported in 121 N. E. 2d 726.