Youngs v. Sunderland.

JOHN YOUNGS v. JOHN P. SUNDERLAND.

Where a suit was brought in the name of John P. Sunderland, and the lease, which was the foundation of the action, was made between John Sunderland and the defendant, it was held, that the lease was properly received in evidence, upon proof being made by one of the subscribing witnesses, that the lease was signed by the person called in the suit, John P. Sunderland.

Though the Justice is bound to charge and instruct the jury, so as to give to the party, the benefit of all the principles and rules of law contained in his several points: yet he is not bound to take up the points submitted, one by one, and express a separate and distinct opinion upon each proposition by itself.

In cases of unlawful detainer, the fees of jurors should be taxed at twenty-five cents each, and then trebled. The operation of the act, *Harr. Comp.* 159, is confined to the courts mentioned in the first section.

This was a *certiorari* directed to a Justice of the Peace, removing into this court, proceedings in a case of unlawful detainer.

*W. Halsted,* for plaintiff in *certiorari.*

*H. W. Green,* for defendant.

HORNBLOWER, C. J. The plaintiff in *certiorari*, who was the defendant below, complains that the Justice improperly admitted in evidence, a document purporting to be a lease, which was produced by the plaintiff below. The ground of

Youngs *v.* Sunderland.

objection was, that the suit was by John P. Sunderland, and the lease offered in evidence, was made between John Sunderland lessor, and John Youngs lessee. It appeared, however, by the testimony of one of the subscribing witnesses to the instrument, that it was signed by the person who in this suit is called John P. Sunderland. The lease was therefore properly admitted in evidence : and the Justice very correctly charged the jury upon this point ; that if they believed from the evidence before them, that the lease in question was made and executed by and between the parties to the suit, they should give effect to it, as a lease between the parties, and not otherwise. There is no error then in this part of the case.

But secondly, it is insisted that the Justice refused to charge the jury upon several matters relevant to the issue, and upon which, his opinion was desired.

It appears from the amended return, that the defendant's counsel stated *eight* distinct propositions, upon each of which, he requested the Justice to express an opinion to the jury. This the Justice did not do, and one of the reasons he assigns for not doing so is, that he thought it was the object of counsel, to embarrass him, rather than secure any benefit to the parties. Whatever foundation there was, to justify such a suspicion on the part of the Justice, he was bound to instruct the jury, upon the points raised by counsel, so far as they fairly arose out of the case, and were material and pertinent to the issue. It was not necessary, however, that the justice should take up the points submitted, one by one, and express a separate and distinct opinion upon each proposition by itself. It was sufficient if he so instructed the jury, as to give to the party, the benefit of all the principles and rules of law contained in his several points. Let us see then, what he was required to give in charge to the jury, and what he did give in charge to them. The several points stated by the defendant's counsel, when consolidated, amount in substance to the following position, viz. that if a tenant remains in possession after the expiration of the lease, with the consent, express or implied, of his landlord, the tenancy will be considered as renewed or continued for another year or quarter, as the case may be, upon the terms of the

former lease ; and in such case, the landlord cannot maintain an unlawful detainer, upon a notice to quit, or a demand of the possession, within the current year or quarter, or other period, for which the holding was to continue, by the ≀terms of the original lease.   Admitting the law to be thus correctly stated, the Justice was bound to charge the jury accordingly—not in so many words, but in substance.   And this, I think he did do. He informs us, that he charged the jury, that if the defendant held over with the consent of his landlord, express or implied, then the defendant was not guilty of an unlawful detainer, and they should find a verdict for the defendant ; but if there was no such consent, the notice to quit was sufficient, and they ought in that case, to find for the plaintiff.   This charge was correct in point of law, and in my opinion, broad enough to cover the whole case.   It involved the only point material to the defence.

But there is one objection, which so far as it goes, appears to be well taken.   It is this, that the Justice has taxed the jurors' fees at seventy-five cents each, amounting in the whole to nine dollars and then trebled that sum.   By the 22d Section of the act concerning forcible entries and detainers, *Rev. Laws*, 353, it is provided, that jurors and witnesses shall receive the same fees, " as are or shall be by law allowed to them respectively, in civil causes, in the Courts of Common Pleas."   In 1798, when that act was passed, jurors were allowed in the Common Pleas, twenty-five cents each, in every action, for the trial of which, they were sworn.   But by the act of November 1827, *Harr. Comp.* 159, they are now to receive out of the county treasury, seventy-five cents each, for every day's attendance at courts.   This act, however, does not alter the standard or rate of juror's fees.   It gives them a per diem allowance, and directs the jurors' *fees* to be paid to the Sheriff for the use of the county.   Strictly speaking, jurors in the Superior Courts, have now no fees for trying a cause—they receive a per diem, whether sworn on any jury or not.   But the jurors' fees are still recognized by that act, as existing at twenty-five cents each. The whole tenor of the act shews, that its operation was intended to be confined to the courts mentioned in the first Section.   The

act under which these proceedings are had, gives to jurors, " the same *fees* " for trying a cause, as are fixed by law, for the same services in the Courts of Common Pleas; but not the same daily allowance for attending court. I am therefore of opinion, the judgment in this respect is erroneous. The jurors' fees should have been taxed at twenty-five cents each, making three dollars, which, trebled, amounts to nine dollars. Let the judgment be corrected by deducting eighteen dollars, the excess of jurors' fees, from the amount of costs.

FORD, J. and RYERSON, J. concurred.