STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL ROMBOLO, PLAINTIFF IN ERROR.

Submitted December 10, 1917—Decided March 4, 1918.

1. Upon the trial of an indictment, after the state had rested, counsel for the defendant moved that a mistrial be ordered upon the ground that one of the jurors was a juror upon a former trial of the same indictment. *Held*, that, by the denial of this motion, the defendant did not "suffer manifest wrong or injury" within the meaning of the one hundred and thirty-sixth section of the Criminal Procedure act.

2. "Wrong or injury," as that expression is used in the one hundred and thirty-sixth section of the Criminal Procedure act, means injury resulting from a wrong, *i. e.*, from judicial action that either violated legal principles or amounted to an abuse of discretion.

3. A trial judge is not required to charge requests of counsel in preference to language of his own choosing correctly covering the same points.

4. A trial judge is not required to give to the jury definitions or synonyms of common English words when used in a statute in their ordinary sense.

5. The correctness of an instruction to the jury is tested by its practical application to the case in hand, and not by its abstract inerrancy.

On error to the Hudson Oyer and Terminer.

For the plaintiff in error, *Richard Dougherty.*

For the defendant in error, *Robert S. Hudspeth.*

The opinion of the court was delivered by

GARRISON, J.  The plaintiff in error having been convicted of murder in the first degree brings up with his writ of error a certification of the proceedings under the statute.  The first point argued is that the accused suffered manifest wrong or injury from the denial of his motion for the withdrawal of a juror made after the close of the state's case.

The motion was as follows:

"Mr. Dougherty—I make a motion for an order of mistrial, on the ground that Mr. Black, who is a juror in this trial, was also a juror in the previous trial, and, of course, cannot divest himself of his recollection of the evidence on the former trial. My information is that Mr. Black, a juror in this case now, was sitting in the former trial, and my motion is that a mistrial be declared on the ground that the juror cannot very well act on the same evidence differently than he did before."

The motion being denied, counsel said, "Will your honor be influenced if I tender evidence now of the fact?" to which the court replied, "No," and sealed an exception.

Treating the inquiry made by counsel as an offer of evidence, its denial by the court established the fact that the juror Black was a juror in the former trial of the same indictment.  The motion was, therefore, in effect, a challenge for cause made during the progress of the trial.  That it is not an abuse of discretion to deny the right to make such a challenge at such a time is too plain for discussion.  No other circumstances than those stated in the motion were proved or offered to be proved.

If other pertinent circumstances were that the disqualification of the juror was not known to counsel, and could not have been discovered by due diligence. there was no proof of such circumstances, or of either of them.  Counsel said in making his motion:  "Information came to me just now that Mr. Black." and at this point he was interrupted and did not finish the sentence or again refer to what he had in mind to say excepting as he said it is the language of the motion that has been quoted.  Counsel, presumably, had had

for at least two days the list of jurors that was served on the defendant, the very purpose of which is to enable counsel to exercise the right of challenge effectively in his client's interest. The names of the jurors who sat on the former trial were easily accessible if counsel did not already have them in the state of the case prepared by him in *State* v. *Rombolo,* 89 *N. J. L.* 565.

With these presumptions unrebutted and unexplained the defendant, by the denial of his motion, did not "suffer manifest wrong or injury" within the meaning of the statute, which, despite the disjunctive, means "injury resulting from a wrong," *i. e.,* from judicial action that either violated legal principles or amounted to an abuse of discretion. This construction does no violence to the language of the statute and takes no liberties with the words it employs, but merely gives to them their legal sense when used in a legal context. In a legal sense "injury" connotes "wrong" in harmony with the legal conception that no man is injured by the rightful application to him or his conduct of the law of the land. The statutory expression may be redundant, but it is not obscure, since any other meaning than the one suggested would lead to the absurd result that the judgment in a criminal case must be reversed whenever any ruling upon evidence or matter of discretion, or any statement in a charge is inimical to the defendant, even if such ruling was eminently right, or even if it was imperatively required by law.

There is nothing in this point that requires the reversal of the judgment.

*Second.* Testimony as to the conduct of the defendant when placed under arrest was properly admitted; its probative force was perhaps not great, but it was competent evidence and its weight was for the jury.

*Third.* The instruction that, if the killing occurred as the wife of the deceased testified, it was presumptively murder in the second degree was a correct statement, since the wife's testimony described an unprovoked killing by the use of a deadly weapon at close range.

The remaining points touching the charge and certain refusals to charge having been examined and found to be without merit, may be dismissed with the general remark that a trial judge is not required to charge the requests of counsel in preference to language of his own choosing correctly covering the same points, and is not required to give to the jury definitions or synonyms of common English words used in a statute in their ordinary meaning. A further remark is that the correctness of an instruction to a jury is to be tested by its practical application to the facts of the case in hand and not by its abstract inerrancy.

Finding no error or legal injury that requires reversal, the judgment of the Hudson Oyer is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER. JJ. 15.

*For reversal*—None.