[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 292 
This is an appeal from judgments of the Superior Court, Law Division, in three separate suits which were consolidated for trial and for appeal. The jury returned verdicts in favor of respondents and against appellant, Plant, and verdicts of no cause of action against appellants, Eitel and Clemens.
The suits arose from a collision between an automobile owned and operated by appellant, Plant, and a truck owned by respondent, River Road Service Co., and operated by respondent, Walter Wetmore.
Plant was operating his vehicle in an easterly direction on Newark Turnpike and Wetmore was operating his employer's truck in a westerly direction on the same turnpike.
Before the collision occurred, Plant was attempting to pass a truck which was traveling in the same direction as his vehicle. He testified that he saw Wetmore's truck when it was about 200 feet away and he tried to drop behind the truck alongside of which he was riding.
There seems to be a great deal of conflicting testimony concerning the exact point of impact. Plant admits that he swerved over to the left side of the road. He claims that this was necessary because he couldn't drop behind the truck and because Wetmore was traveling on the wrong side of the road. At any rate, after the collision occurred, Wetmore's truck was off the road and Plant's was in about the center of the road facing the opposite direction in which he had been traveling.
Eitel and Clemens, passengers in Plant's car, were both injured, as was Plant, and they sued the respondents. Wetmore *Page 293 
sued Plant for his personal injuries, and River Road Service Co. sued Plant for the property damage. Plant filed a counterclaim.
A verdict was returned by the jury in favor of Wetmore and against Plant for $250 plus costs. The jury also returned a verdict against Plant and in favor of River Road Service Co. for the sum of $1,075 plus costs. A verdict of no cause of action was returned against Eitel and Clemens.
The appellants contend that the court's charge concerning the doctrine of res ipsa loquitur was harmful error. We do not feel that the court committed prejudicial error. From a careful review of the entire charge, it is evident that the court did not mandatorily charge that the doctrine applied and that, primafacie, Plant was negligent. On the contrary, the charge stated that the sudden swerving of Plant's car was a circumstance which had to be explained by Plant and which Plant did, in fact, explain.
The mere fact that the court charged the doctrine of res ipsaloquitur is not of itself sufficient to create prejudicial error. It is first necessary to determine from a reading of the entire charge whether or not harmful error was committed.
The court below indicated that the burden of proof of negligence is upon him who asserts it. The court based its entire charge upon the correct proposition of law that the jury must find negligence of a party in order to return a verdict against that party. The court left the issue of negligence to the jury.
In Journey v. Zawish, 11 N.J. Misc. 482 (Sup. Ct. 1933), the court stated:
"The sole ground of appeal in this case is that the court erred in charging the plaintiff's request respecting the doctrine ofres ipsa loquitur. It is conceded that the request was flawless as a statement of law, but it is said that the doctrine was inapplicable to the facts proved and, therefore, the defendant was prejudiced. * * *
"The trial court properly charged that the burden of proof never shifted and that the plaintiff must establish his case by the fair preponderance of evidence. Obviously there was no prejudicial error in charging the doctrine of res ipsaloquitur. The charge as a whole was a well balanced exposition of the law." *Page 294 
This language is equally applicable here, and we find no harmful error in the charge with respect to the doctrine of resipsa loquitur.
Appellants also contend that the court below erred in refusing to include in its charge the requests of the appellants. Appellants' defense was predicated upon the ground that Plant swerved his car to the left in order to meet a sudden emergency created solely by the negligence of respondent, Wetmore. Appellants, therefore, requested the court to give instructions to the jury concerning this defense.
Even though the judge did not use the language suggested by counsel, it is quite apparent from a careful review of the entire charge that the judge did, in fact, include in his charge the law relating to sudden emergency.
While the court must instruct the jury, upon the points raised by counsel, so far as they fairly arise out of the case, and are material and pertinent to the issue, it is not necessary for the court to take up each point submitted and express a separate and distinct opinion upon each proposition by itself. It is sufficient if the court instructs the jury in such a manner as to give the party the benefit of all the applicable principles and rules of law contained in his several requests. The court is not bound to charge the jury in so many words the requests of counsel, but must charge the requests in substance. Youngs v.Sunderland, 15 N.J.L. 32 (Sup. Ct. 1835); State v.Rombolo, 91 N.J.L. 560 (E. A. 1917).
The court substantially charged all the points requested by counsel for appellants. Therefore, we find that there was no error in the court's charge.
The judgments under review are affirmed. *Page 295