230 So.2d 168 (1970)
William E. DeLAINE, Joseph L. Graier, James C. Hillary, Wilbur L. Hunter, Irving Knight, and Charlie Waters, Appellants,
v.
STATE of Florida, Appellee.
Nos. 67-358  67-363.
District Court of Appeal of Florida. Second District.
January 9, 1970.
Rehearing Denied February 6, 1970.
*170 Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Appellants named above, defendants below, appeal to this Court from their convictions and sentences to imprisonment.
An indictment was returned into the Pinellas County Circuit Court charging all the said defendants and another, Jesse Brown, who has appealed separately, with the crime of rape. All defendants except Wilbur L. Hunter were adjudged insolvent and the Public Defender was appointed to represent them. Hunter was represented by private counsel. At the end of a 14-day trial all defendants were convicted of rape, with recommendation for mercy, and were forthwith sentenced to imprisonment. This appeal will concern only the defendants herein.
The defendants here submit eight points for consideration in their appeal which will be discussed seriatim.
Point 1. Defendants contend the Court erred in quashing defendants' witness subpoenaes.
Prior to trial the Court denied defendants' motion to subpoena certain prospective witnesses, pursuant to the authority purportedly granted the Public Defender in a Special Act, Ch. 61-2663, Section 5 of which reads inter alia:
"The Public Defender shall be allowed full process of court to summon defendants and witnesses to appear before him at such convenient places and at times as may be designated by the Public Defender, to testify before him concerning the financial ability of any defendant to employ counsel for their own defense or any matter pertaining to the defense of the defendant. * * *" (Emphasis added).
At the time the instant appeal was taken to this Court, the validity of Ch. 61-2663, § 5, was very much in dispute. This 2nd District Court had jurisdiction to determine the question of constitutionality under Art. V, § 4, of the Constitution, F.S. *171 A., because the trial Court, while denying the motion to subpoena, expressly declined to hold Ch. 61-2663, § 5, valid or invalid, and therefore his ruling was not one "directly passing upon the validity of a state statute", which would have vested jurisdiction in the Supreme Court.
However, we preferred not to exercise such prerogative of constitutional determination in light of the fact that we were apprised of a case wending its way to the Supreme Court where the point would be squarely presented. Therefore, we have withheld decision in the instant case for what may have seemed an inordinate lapse of time, awaiting the decisive opinion of the Supreme Court. That Court has now spoken in the case of Miller v. State, 225 So.2d 409, opinion filed July 16, 1969, and has held that "so much of Chapter 61-2663 as permits the defender to summon witnesses to testify before him is violative of Article V, Section 3 of our Constitution".
This disposes of Point 1 adversely to defendants.
Point 2. Defendants contend that the Court erred in allowing several photographs into evidence over objection.
Defendants objected first to admissibility of the photographs because they were not disclosed or produced for them prior to trial in accordance with the Court order. The attorney for Wilbur Hunter admitted he was shown the picture of his client Hunter, and that there were "some others there" and he thought he "looked at them". An investigator for the State Attorney's office testified he showed the pictures in question to counsel for Hunter and to one of the Public Defenders representing the other defendants, who admitted that "Now, he may have shown me these pictures. I can't truthfully deny this." No error appears.
Defendants further objected because no predicate was laid as to the date the photographs were taken. The photographer, a newspaper reporter, admitted he did not know the exact date when he took the pictures. But a member of the St. Petersburg police department testified they were taken on January 12, 1967, at the scene of the crime. No error is demonstrated.
One of the photographs objected to contained the words "The Victim" on the reverse side, and defendants claim that such notation was made by unsworn persons, which rendered the picture inadmissible as hearsay. This raises a serious question.
Defendants rely upon Adams v. State, 1891, 28 Fla. 511, 10 So. 106; 108 A.L.R. 1415; State v. Rombolo, (1916) 89 N.J.L. 565, 99 A. 434, later 91 N.J.L. 560, 103 A. 203; and Anthony v. State, 1942, 30 Ala. App. 425, 7 So.2d 513, in support of their contention.
Adams v. State, supra, involved a map or diagram of the terrain where the crime was committed. It was made by a witness who testified as to the route he and the accused traveled. On the map were two other routes traveled by two other witnesses. The Court said:
"We think a map or diagram of the country in its physical condition at the time can be put in evidence, and any witness, in giving testimony as to localities, can indicate on the map the relative position of things or persons. But for a person who knew nothing of these matters, except what he heard from others, to designate the movement of persons on the map would be testimony of a secondary character, and improper to be admitted."
In State v. Rombolo the Court held that a photograph of the defendant taken while in the reformatory, containing a statement on the reverse side that he was charged with burglary and had violated his parole, was inadmissible, since the evidence was hearsay, coming from an unknown source and not made under oath. This was one of the "rogues gallery" or "mug shot" class *172 of cases, where such photographs convey to the jury the information that the defendant has a police record.
In Anthony v. State, supra, numerous pictures, purported to have been taken at the scene of the crime, were admitted into evidence. The Court held that they were improperly and erroneously admitted for the reason that on the back of each was an explanation of the photo, including: "Sam Anthony Car Parked." The Court said:
"Such endorsements must of necessity have been the mere conclusion of the writer thereof, and each of said endorsements affirmatively appears as the surmise, opinion or conjecture mayhap, suspicion, of the writer of the endorsements, all of which were wholly unauthorized and illegal."
In the case of Cohoon v. State, Fla.App. 1968, 207 So.2d 338, this Court affirmed the lower Court without a written opinion. One of the questions involved was the introduction of a fingerprint card which had on the reverse side the words: "Breaking and Engering (sic)." The trial Judge had instructed that the exhibit consisted only of the front of the card and to ignore the writings on the back.
In Haager v. State, 1922, 83 Fla. 41, 90 So. 812, the Supreme Court held that the use of the word "slayer" by the trial Court in one of its instructions to the jury in referring to a person on trial for homicide, was not reversible error.
Since the prosecutrix took the stand and testified as to the assault and identified the picture as being that of herself, we do not believe that the word "Victim" on the back of the picture injected reversible error into the record. Point 2 is without merit.
Point 3. Defendants claim they were deprived of a fair trial by the intentional actions, statements and innuendos of the prosecuting attorney throughout the trial.
During voir dire examination the prosecutor stated:
"Mrs. Morelli, Mrs. Iske, Mrs. Wagner, and gentlemen, all I'm going to do is amplify the last question asked by defense lawyer, Mr. Chambers, and ask each of you to pause and reflect momentarily in your own hearts and consciences and ask yourselves can you think of any reason under the sun why you could not be a fair and impartial juror, not only for each of the defendants, but for the people of the State of Florida as well? Can you think of any reason in the world why you should be challenged to sit on this panel and try this case by anybody? Can any of you think of any reason why anybody should challenge you.
"Each of you is satisfied you can sit as that fair and impartial juror for both parties?
"The State is satisfied and accepts this jury, Judge."
During a bench conference with the attorneys out of the prospective jurors' hearing the Court said:
"Isn't that another way of saying to them is any of you conscious of any reason why he ought not be  why he could not be a fair and impartial juror?"
The Court then denied appellants' motion for a mistrial, based upon the above voir dire question.
Defendants cite Gibbs v. State, Fla.App. 1967, 193 So.2d 460, where the trial Court suggested on voir dire examination that a juror's mind should be in the same state he would like a juror's mind to be in if he, the juror, were being tried. This Court, in reversing the judgment, said:
"It is improper to ask a juror if his mind is in the same state he would like the juror's mind to be in if he, the juror, were being tried. 14 F.L.P. Jury, § 139; Roberts v. State, 94 Fla. 149, 113 So. 726. The suggestion of this test by the *173 court was clearly erroneous, as a juror does not possess the right to pass upon questions touching his qualifications to serve in a particular case. That prerogative rests with the court. See Story v. State, 53 So.2d 920 (Fla. 1951)."
We do not believe that the aforesaid statement made by the prosecuting attorney in the case sub judice can be considered analogous to the statement made by the trial Judge in Gibbs, and we agree with the trial Judge that the statement made by the prosecuting attorney was just another way of asking the jurors if they were conscious of any reason why they could not be fair and impartial jurors.
The appellate Courts of this State have not hesitated to reverse convictions in cases where prosecutors used language so abusive or resorted to tactics so unfair that the Court could reasonably conclude the accused was deprived of a fair trial. See Adams v. State, Fla. 1966, 192 So.2d 762; Grant v. State, Fla. 1967, 194 So.2d 612; Gluck v. State, Fla. 1953, 62 So.2d 71; Stewart v. State, Fla. 1951, 51 So.2d 494; Oglesby v. State, 1945, 156 Fla. 481, 23 So.2d 558; Young v. State, 1940, 141 Fla. 529, 195 So. 569.
While the prosecuting officer should not indulge in abusive or inflammatory statements in the presence of the jury, or use tactics designed to take undue advantage of the defendant, or even be rude to a person on trial, we find that the actions and statements of the prosecuting attorney in the case sub judice were not so prejudicial to the defendants as to require reversal.
Point 4. Defendants' fourth point deals with whether the trial Court erred in allowing a number of potential exhibits to be displayed across the courtroom over defendants' objection, some of which were irrelevant and immaterial and others not offered into evidence by the State. These exhibits consisted of clothing of each defendant and of the prosecutrix and of portions of the bedding.
Defendants rely on Williams v. State, Fla.App. 1966, 188 So.2d 320, modified on other grounds in State v. Williams, Fla. 1967, 198 So.2d 21; Derry v. State, 1932, 204 Ind. 21, 182 N.E. 701; annotation 46 A.L.R.2d 1428, et seq.; and Deeb v. State, 1938, 131 Fla. 362, 179 So. 894, to support their contention.
In Williams this Court held that it was error to permit nine objects  a wheel and tire combined, a composite exhibit consisting of three exploded gunshell casings, three plaster casts of tire tread marks taken near the scene of the crime, and four photographs  to be displayed directly in front of the jury during the three days of the murder trial. The State presented numerous witnesses to build up an elaborate foundation for the introduction into evidence of the exhibits, but withdrew them from the Courtroom on the third day of trial. This Court said:
"All of this was ostensibly to connect the defendant with the scene of the shooting at Mong's grocery store through the defendant's green and white Chevrolet car.
"The foregoing presents a situation which, if deliberate was extremely reprehensible, and if unintentional was a flagrant disregard of defendant's rights and the rudimentary ground rules of fair play in a jury trial. * * *"
In Derry v. State, supra, the Supreme Court of Indiana held that the refusal to exclude from the jury's attention exhibited containers filled with whisky, revolver, cartridges, etc., found in defendant's automobile, during the trial for driving while under influence of intoxicating liquor, was prejudicial error. None of the articles was introduced into evidence, and none tended to prove defendant's alleged intoxication. The Court said:
"The articles so exhibited to the jury, although not introduced in evidence, beyond *174 question strongly tended to prove the crime of transportation, which would exact a more severe penalty than the offense then on trial."
In Deeb our Supreme Court held that deceased's clothes, through which shots had been fired, should not, if objected to, be so exhibited or displayed as unduly to prejudice, excite or distract the jury, particularly if the garments have a gruesome quality or appearance. The Court did not reverse the judgment on this ground, however.
The facts in the case sub judice are not analogous to those in the above three cited cases. The clothes were taken from the prosecutrix and the defendants who were found at the scene of the alleged rape, and the bedding was taken from the room where the alleged crime took place. They were not, therefore, exhibited (as in the Williams case) for the purpose of connecting the defendants by innuendo with the scene of the crime. Neither were they displayed for the purpose of tending to prove a more severe crime than that charged, as in the Derry case. Nor did they have a gruesome quality or appearance, such as the clothes displayed in the Deeb case. See also Larmon v. State, 1921, 81 Fla. 553, 88 So. 471; Cruce v. State, 1924, 87 Fla. 406, 100 So. 264, and Browne v. State, 1926, 92 Fla. 699, 109 So. 811.
We find no harmful error resulted under this point.
Point 5. Defendants argue that the Court erred in denying their motions to compel disclosure of evidence favorable to the defense, where the prosecution suppressed the defendants' opportunities to inspect prospective evidence and withheld state witness lists, in alleged violation of an order of Court, until a period of time shortly before trial.
In Newman v. State, Fla. 1967, 196 So.2d 897, two F.B.I. agents testified whose names were not furnished to defendant. The Supreme Court held that where exhibits examined by defendant prior to trial bore stickers and labels indicating that they had been submitted to the F.B.I. for examination, and defendant had also been permitted to inspect these exhibits prior to trial, permitting the F.B.I. agents to testify for the purpose of examining and identifying the exhibits even though they had not been included among the previously listed State's witnesses was not an abuse of discretion.
In McClendon v. State, Fla. 1967, 196 So.2d 905 (companion case to Newman v. State, above), the Court said that the defendant was furnished a copy of the F.B.I. report of the tests and was thereby put on notice that the F.B.I. agent or agents would in all probability be called to testify as to the laboratory tests made by the agents.
In the case at bar the State furnished a list containing the names of nine witnesses within the time required by the order of the trial Judge, March 27, 1967. On April 6, another list with one name was furnished, and on April 25, another list containing six names was furnished. The trial Judge explained that it was his custom in making such orders to not hold anyone to the burden of split second timing, but to leave the door open for both sides to call additional witnesses, with reasonable notice thereof. The witnesses began testifying on May 16, and therefore the Judge said that the defense had two and a half weeks to interrogate them. He denied the objection to the witnesses testifying.
Defendants also complain that the lists furnished were without addresses. Of the seven witnesses named, two of them were not called to testify; four were on the St. Petersburg Police Department, and one, Jesse Moore, was the newspaper reporter who took the pictures of the appellants.
We do not believe appellants have shown that they were unduly prejudiced, either in *175 the contents of the lists or in the lack of addresses.
Point 6. Defendants claim that fundamental error was injected into the record when through Court appointment six of the seven defendants in the proceedings below were represented by the Public Defender.
At the time of trial and later when the instant appeal was taken to this Court, this point had not been authoritatively decided, although there had been several diverse opinions by the different appellate Courts. We do not pause to here review them. Suffice to say that the question has been now set at rest by the Supreme Court in Dunbar v. State, Fla. 1969, 220 So.2d 366, wherein in a situation similar to that here, the Court said that 
"* * * if there is no request for separate counsel and the court permits trial of joint indigent defendants with single court-appointed counsel, reversible error does not occur unless the record reveals that some prejudice results from failure to appoint separate lawyers for each defendant."
We have diligently examined the record here and find that no request for separate counsel was made and that no prejudice resulted from the defendants having been represented by the same counsel nor was any prejudice shown on behalf of any defendant.
This point is therefore not well taken.
Point 7. Defendants contend that the Court erred in giving an instruction as to the failure of the defendants to take the stand where the defendants made no motion or request for such instruction, also that the Court upon request should have instructed upon assault and battery and fornication.
The Supreme Court in the case of Fogler v. State, 1928, 96 Fla. 68, 117 So. 694, held that it was not error for the Court on its own motion, and in the absence of a request from the defendant, to give an instruction very similar to the one complained of in the instant case. The Court stated inter alia:
"Such a charge is held to be in the interest of the defendant and properly given by the trial court of its own motion to allay all possibility that the jury might draw improper inferences from the failure of the defendant to testify. * * * Without the charge a prejudicial inference might frequently be drawn. The charge merely supplements the `presumption of innocence' charge with particular reference to the failure of the accused to testify."
In the case of Harvey v. State, Fla.App. 1966, 187 So.2d 59, cert. den., Fla., 194 So.2d 619, cert. den. 386 U.S. 923, 87 S.Ct. 894, 17 L.Ed.2d 795, the trial Court had admonished the jurors that they should not indulge any presumption against the defendants by reason of their failure to take the stand, the 3rd District Court held that 
"The admonishment by the trial court was not prejudicial to the defendants. Any possible prejudice resulting therefrom was cured by the judge's clarifying charge. The clarifying charge, although not requested by defendants, was not an improper comment on the possible failure of the defendants to testify. Fogler v. State, 1928, 96 Fla. 68, 117 So. 694. The trial judge exercised great care to ensure that the defendants received a fair trial."
See to the same effect Windisch v. United States, C.A. 5 1961, 295 F.2d 531.
Defendants also claim that the trial Court erred in refusing to give their requested instructions as to lesser included offenses, namely: assault and battery and fornication. The Court did give an instruction as to assault with intent to commit rape.
In the recent case of McClendon v. State, Fla. 1967, 196 So.2d 905, which was an appeal from a conviction for rape, the *176 trial Judge had included only instructions on the lesser offense of assault with intent to commit rape, refusing to give requested instructions on bare assault and battery, the same as here. The Supreme Court upheld the trial Court, as follows:
"The Appellant contends the trial court erred in refusing to grant all of the Appellant's requested instructions, including related and lesser offenses.
"The trial judge included only instructions on the lesser offense of assault with intent to commit rape along with its other instructions, refusing to include instructions on bare assault and assault and battery. In Jimenez v. State, 158 Fla. 719, 30 So.2d 292, our Court held it necessary that instructions on assault to commit rape as a lesser included offense within the crime of rape be given as was done in the instant case.
"The rule appears to be:
"* * * When a trial judge undertakes to define an offense for the conviction of which an accused might be sent to jail, it is the duty of the judge to instruct the jury on the law of the case and to cover each essential element of the offense charged. This responsibility includes the duty to advise the jury regarding lesser included offenses which the record will support." (Emphasis supplied.) Goswick v. State (Fla.), 143 So.2d 817, 819. See, also, Silver v. State (Fla.App.), 174 So.2d 91.
"The record of the evidence in this case supports either the crime of rape or assault to commit rape, but not otherwise. The testimony of the prosecutrix and other witnesses for the prosecution and the confession of the Appellant do not support lesser offenses within the crime of rape but only the crime of rape or assault with the intent to commit rape. * * * Thus there is nothing in the recorded evidence which remotely indicated the Appellant was guilty of only bare assault or assault and battery either directly or by way of any reasonable inference. It follows the record does not support such lesser offenses concerning which Appellant contends it was the duty of the trial judge to instruct."
In the instant case none of the defendants took the witness stand. The prosecutrix was the sole witness to testify as to the alleged rape, and it was sufficient for the jury to find that she was ravished forcibly and against her will, or at least assaulted with an intent to rape, certainly nothing less. Applying the test set forth in McClendon, supra, we conclude that the trial Court did not err in refusing to give the requested instructions.
Point 8. Defendants next contend that where the prosecutrix testified she had no relations with the defendant Irving Knight, the jury erred in finding that defendant was guilty of rape. The prosecutrix testified that he did not have relations with her but there was ample evidence that he was aiding and abetting and was at the scene of the crime.
Defendants cite Jackson v. State, Fla. App. 1958, 107 So.2d 247; Askew v. State, Fla. 1960, 118 So.2d 219; State v. Bowden, 1944, 154 Fla. 511, 18 So.2d 478; Williams v. State, 1907, 53 Fla. 84, 43 So. 431; Harris v. State, 1916, 72 Fla. 128, 72 So. 520; Williams v. State, 1926, 92 Fla. 125, 109 So. 305, to support their contention that carnal knowledge of a female by the accused is an essential element of rape, and that penetration must be proven beyond every reasonable doubt. These cases are inapplicable in the instant case.
Section 776.011, Florida Statutes, F.S.A., provides:
"Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively *177 present at the commission of such offense."
It is a well established rule in this State that where two or more are charged in the same count as principals in the first degree with the commission of a felony, both may be convicted under such charge if it is shown that one defendant actually committed the felony and the other was present aiding, abetting, etc., in the commission thereof; and this rule has also been applied to the charge of rape. Jimenez v. State, 1947, 158 Fla. 719, 30 So.2d 292; Newman v. State, Fla. 1967, 196 So.2d 897.
This disposes of all points raised, and they having been decided adversely to defendants, the judgments appealed are herewith 
Affirmed.
LILES, Acting C.J., and PIERCE and MANN, JJ., concur.