PIERCE, Chief Judge.
The sole question presented on this appeal is whether the trial Judge erred in denying appellant Blanie King’s motions for mistrial.
King was indicted for first degree murder. Prior to the commencement of trial, while the jury was being qualified and possibly while they were being selected, a local deputy sheriff walked into the courtroom with a knife and a piece of broomstick open to view in his hands. At the conclusion of the selection of the jury King moved for a mistrial.
The trial Judge stated that he did not notice the incident and reserved ruling on the motion until it had been determined whether the evidence was admissible. At the conclusion of the State’s case King again moved for a mistrial because the State had made no effort to introduce the exhibits into evidence. The trial Judge again reserved ruling and stated that after verdict he would give defense counsel an opportunity to interrogate the jurors under oath to determine if any of them had seen the items and what effect the exposure had upon their verdict.
After the jury had returned its verdict of guilty of murder in the second degree, King renewed his motion and the trial Judge inquired of each juror as to the effect of the evidence. Only two of the jurors had seen the broomstick, and one thought he had seen some objects on a table, but all the jurors stated that the items were not discussed by the jury and that they had nothing to do with the verdict.
The record is not clear as to how long the items remained in the courtroom, but it is indicated that they were there only a short time and had been removed from view before the evidentiary portion of the trial started. Defense counsel did not request that they be removed, and did not ask the trial Judge to admonish the jury respecting the items in question.
The indictment charged King with stabbing the victim with a knife. During the trial several witnesses for the State and the defense, as well as King himself, testified as to the fight between King and the victim, one Payton, in which Payton beat King with a broom, or was swinging the broom at him until it broke, and King stabbed Payton in the midsection several times with a butcher knife. Payton was taken to the hospital and later died from the knife wounds.
The established rule in this State is that a motion for mistrial should never be granted in the midst of a criminal trial unless there is an absolute legal necessity to stop the trial and discharge the jury. State ex rel. Alcala v. Grayson, 1945, 156 Fla. 435, 23 So.2d 484; Kelly v. State, Fla.App.1967, 202 So.2d 901.
In Williams v. State, Fla.App.1966, 188 So.2d 320, soon after the trial started, defense counsel objected to nine exhibits placed directly in front of the jury. On the second day of trial he renewed his objection. On the third day the State Attorney announced that he was going to “withdraw” the nine exhibits, and later did so. This Court held that it was error to permit evidence, which was ostensibly to connect the defendant with the scene of the crime, to be displayed directly in front of the jury during the three days of the murder trial, but never received or even offered in evidence.
*23 In DeLaine v. State, Fla.App. 1970, 230 So.2d 168, this Court found that no harmful error resulted in permitting some of the clothing taken from the prosecutrix and defendants and bedding taken from the room where the alleged crime took place, to be displayed across the courtroom from the jury, even though they were not introduced into evidence. There was no dispute in DeLaine as to the prosecutrix and the defendants being at the scene of the crime since they were found there by the arresting officers, the only dispute being whether the prosecutrix voluntarily entered the house with one of the defendants and consented to the activities with defendants. Further, the articles were not displayed to prove a more severe crime and did not have a gruesome quality or appearance.
In the case sub judice it was undisputed that a knife and a broomstick were used in the fight. The jurors stated under oath that the items did not make a meaningful impression upon their minds; a for-tiori: they would have returned a verdict of guilty even if the error had not been committed, and error it was.
Upon objection the lower Court should have ordered the objects removed and instructed the jury to disregard them. Williams, supra; Kelly, supra; cf. DeLaine, supra. From the record, however, it appears that when the objectionable evidence was called to the attention of the trial Judge it had already been removed from view, and defense counsel did not request the Court to admonish the jury. Also, since the Court had not observed the articles and had no way of knowing if the jury had or not, a directive to the jury might have well focused their attention on it. We think the able trial Judge wisely handled a difficult situation, and that no prejudice resulted to the appellant. The lower Court did not err in overruling appellant’s motion for mistrial.
The judgment appealed is therefore—
Affirmed.
HOBSON and McNULTY, JJ., concur.