754 A.2d 563 (2000)
333 N.J. Super. 12
Ralph MATTIELLO, Plaintiff-Appellant,
v.
The GRAND UNION COMPANY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued June 27, 2000.
Decided July 13, 2000.
*564 Alan Genitempo, Nutley, for plaintiff-appellant (Piro Zinna Cifelli & Paris, attorneys; Mr. Genitempo, of counsel and, with Ernest P. Fronzuto, on the brief).
David J. Silberman, Roseland, for defendant-respondent (Grotta, Glassman & Hoffman, attorneys; Mr. Silberman, of counsel and, with Jedd Mendelson, New York City, on the brief).
Before Judges KESTIN and WEFING.
The opinion of the court was delivered by KESTIN, J.A.D.
In his complaint for wrongful discharge, plaintiff alleged, inter alia, that his dismissal from defendant's employ was unlawful by reason of discrimination based upon age, in violation of the Law Against Discrimination, N.J.S.A. 10:5-1 to -42. A jury found to the contrary, and plaintiff appeals from the judgment based upon that verdict.
The sole issue on appeal assigns error to the trial judge's charge and the single liability interrogatory submitted to the jury. Plaintiff contends that they reflected a misapplication of governing law, therefore depriving him of a fair and just trial.
Our review of the record with the benefit of the written and oral arguments advanced *565 by the parties, in the light of governing principles of law, discloses no such error. Accordingly, we affirm.
Plaintiff, forty-seven years of age, worked as a full-time night-crew stock clerk at a supermarket owned by defendant. He had been so employed for seventeen years and was earning $16.66 per hour for an annual wage of about $41,000, with full benefits.
On July 17, 1995, plaintiff was accused of violating defendant's "associate purchase policy" (policy) by taking, opening and drinking from a soft drink bottle without first paying for it. The circumstantial details were established in the proofs. It will suffice for our purposes to note that plaintiff did not dispute the assertion that he had taken the bottle and partially consumed its contents; but he offered a cogent explanation why he had not paid for it before drinking from it, along with a contention that the policy was not as strictly or uniformly applied as defendant presented it to be. Plaintiff argued that defendant's application of the policy to him was a pretext for discharging him and replacing him with a younger person at a much lower salary. In support of this position, plaintiff also showed, inter alia, that defendant had experienced financial difficulties leading to a bankruptcy filing and that only eleven days after plaintiff's discharge defendant offered a retirement incentive to its more senior employees.
The gravamen of plaintiff's argument on appeal is that he was entitled to the benefit of certain jury guidance, both in the judge's charge and on the form of interrogatories to be answered, which he did not receive. He contends that the jury should have been told that if it disbelieved the reason defendant gave for plaintiff's discharge, i.e., violation of the "associate purchase policy", it could find for plaintiff solely on the basis of the prima facie case for discrimination which plaintiff had concededly made, without addressing the totality of the proofs to determine whether they permitted a conclusion that plaintiff had, on the whole, met his burden of proof to establish unlawful (age-based) discrimination as the motivation for his discharge.
Our review of the jury charge taken as a whole, see Fischer v. Canario, 143 N.J. 235, 254, 670 A.2d 516 (1996), discloses that the jury received adequate guidance regarding its function in this employment discrimination case. In adjudicating statelaw discrimination cases, New Jersey normatively follows federal case law analyses and approaches. See generally Erickson v. Marsh & McLennan Co., 117 N.J. 539, 549-51, 569 A.2d 793 (1990); Peper v. Princeton University, 77 N.J. 55, 82-83, 389 A.2d 465 (1978); Kelly v. Bally's Grand, Inc., 285 N.J.Super. 422, 428-30, 667 A.2d 355 (App.Div.1995). We have, in particular, adopted the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as an appropriate starting point in cases arising under our Law Against Discrimination, N.J.S.A. 10:5-1 to -42. See Andersen v. Exxon Co., 89 N.J. 483, 492-93, 446 A.2d 486 (1982).
As recently as a few months ago, in Reeves v. Sanderson Plumbing Products, Inc., ___ U.S. ___, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the United States Supreme Court reminded us that
McDonnell Douglas and subsequent decisions have "established an allocation of the burden of production and an order for the presentation of proof in ... discriminatory-treatment cases."
[Id. at___, 120 S.Ct. at 2106, 147 L.Ed.2d at ___ (quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 2746, 125 L.Ed.2d 407, 415 (1993)).]
Reeves further instructed that
although the presumption of discrimination [which arises when the four-part prima facie showing of McDonnell Douglas has been made] "drops out of the picture" once the defendant meets its burden of production ... the trier of *566 fact may still consider the evidence establishing the plaintiff's prima facie case "and inferences properly drawn therefrom... on the issue of whether the defendant's explanation is pretextual"[.]
[Id. at ___, 120 S.Ct. at 2106, 147 L.Ed.2d at ___ (citations omitted) (emphasis supplied) (quoting Hicks, supra, 509 U.S. at 511, 113 S.Ct. at 2749, 125 L.Ed.2d at 418 and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 1095 n. 10, 67 L.Ed.2d 207, 216 n. 10 (1981)).]
The Supreme Court went on to note an established principle:
[T]he factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not compel judgment for the plaintiff.
[Id. at , 120 S.Ct. at 2108, 147 L.Ed2d at ___.]
and to observe further:
The ultimate question is whether the employer intentionally discriminated, and proof that "the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that plaintiff's proffered reason ... is correct." * * * In other words, "it is not enough ... to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination."
[Id. at ___, 120 S.Ct. at 2108, 147 L.Ed.2d at ____ (citations omitted) (quoting Hicks, supra, 509 U.S. at 519, 524, 113 S.Ct. at 2754, 2756, 125 L. Ed.2d at 424, 427).]
Emphasizing the significance of this perception, the Supreme Court discussed the various ways in which a plaintiff might succeed in discharging his burden of proof on the ultimate issue, and noted:
This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory.
[Id. at ____, 120 S.Ct. at 2109, 147 L.Ed.2d at ____.]
This recent elucidation of the ways in which the complexities of this subject matter area work in a litigation framework helps us to understand that the jury in this case was properly guided by the trial judge's instructions and his framing of a single question on the liability feature of the case. The most pertinent portion of the jury charge was:
Plaintiff may prevail on his claim if it is determined that the reasons given by the employer for plaintiff's discharge was simply a pretext that it was not an honest reason and that it was simply a pretext to cover up the fact that he was discharged because of age. To prove pretext, plaintiff must show by a preponderance of the evidence that defendant's reason is not worthy of belief or that more likely than not, it is not a true reason or the only true reason for defendant's actions and that plaintiff's age was a determinative motivating factor for defendant's actions.
In other words, in order to prevail on his claim, plaintiff must prove by a preponderance of the evidence that his age was a determinative factor in his discharge. A plaintiff need not prove that the employer's sole or exclusive consideration was his age, but that it made a difference in deciding to terminate the plaintiff.
If you find that plaintiff has satisfied this burden of proof of proving that defendant's reason is a pretext, then you may return a verdict in favor of the plaintiff. If you find that plaintiff has not satisfied his burden of proving that defendant's reason is a pretext, then you must return a verdict in favor of the defendant. *567 The trial judge was quite correct. Irrespective of the fact that plaintiff had made the required prima facie showing (conceded by defendant), the burden of proof on the ultimate issue never shifted.
The primary difference between the parties on the issue before us bears upon the established understanding that, in order for defendant to overcome plaintiff's prima facie showing, defendant must come forward with a non-pretextual, nondiscriminatory reason for discharge, and that plaintiff has a right to place that express reason in doubt either by independent proofs or by convincing the jury that defendant's proffer is not believable. Plaintiff contends that the jury must be told to find for the plaintiff if it disbelieves the express reason. Defendant argues that this would relieve plaintiff of its burden of proving a discriminatory basis, i.e., that the burden of proof never shifts and that plaintiff must always be held to be required to prove a discriminatory basis; and that the prima facie showing is not a surrogate for satisfying the burden of proof. Defendant argues that the jury must be told that it must be persuaded by a preponderance of the evidence that the reason for defendant's discharge was unlawfully discriminatory.
We hold that the jury in a case such as this needs to be told with adequate clarity that it is to assess whether plaintiff has made a persuasive showing of unlawful discrimination and that it may use its disbelief of defendant's explanation in making that determination, i.e., that in essence the jury is to make a considered judgment on the ultimate question based on all the evidence before it without the assistance of a presumption. This comports with the understanding that the McDonnell Douglas rule of approach exists only to order the proofs and is not necessarily to be used by the jury in deciding the ultimate factual issue.
Plaintiff here was not limited in making every reasonable effort to persuade the jury that defendant's proffered non-discriminatory reason for discharge was pretextual, either by introducing countervailing proofs or by arguing that the reason given was inherently unbelievable or, conceivably, in other ways. But the burden of persuading the jury that an unlawful discrimination had occurred remained with the plaintiff. As we understand the trial judge's instructions to the jury and the guidance furnished by the framing of the single liability interrogatory, this is essentially what the jury was told, however sparingly the pertinent concepts were conveyed. Given the state of the law governing the issues and their presentation, plaintiff was entitled to nothing more. A party has a right to jury instructions which fairly elucidate the law to be applied and furnish the jury with adequate guidance; no party is entitled to the instructions he requests in haec verba. See State v. Thompson, 59 N.J. 396, 411, 283 A.2d 513 (1971); Gaido v. Weiser, 227 N.J.Super. 175, 199-200, 545 A.2d 1350 (App.Div.1988), aff'd, 115 N.J. 310, 558 A.2d 845 (1989); Plant v. River Road Serv. Co., 5 N.J.Super. 290, 294, 68 A.2d 876 (App.Div.1949).
Affirmed.